## COMMONWEALTH *vs.* FRANK E. STEVENS.

Suffolk.    March 12, 1907. — October 14, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Evidence,* Proof of foreign law. *Georgia. Marriage and Divorce. Statute,* Extraterritoriality. *Polygamy.*

The law of another State must be proved as a fact, and in the absence of proof there is no presumption in regard to the statute law of another State.

Upon the issue whether by the common law of the State of Georgia a marriage ceremony, performed when one of the parties had a husband or wife living, is made a lawful marriage by the cohabitation of the parties after the impediment has been removed by a divorce previously granted having become absolute, the statutes and decisions of the State of Georgia introduced in evidence at the trial did not justify a finding or a ruling that the common law of Georgia differed from that of Massachusetts and that by such cohabitation in Georgia a lawful marriage relation was created, and although decisions of the Supreme Court of Georgia were cited at the argument which indicated that upon a full investigation of the law of that State a contrary conclusion might be reached, these decisions, not having been introduced in evidence at the trial, could not be considered by this court.

Where in proving the law of another State a volume of the statutes of that State is put in evidence this does not put in evidence the cases which are cited in the marginal notes to such statutes.

R. L. c. 151, § 6, providing that if a man and woman between whom a ceremony of marriage has been performed continue to live together as husband and wife in good faith on the part of one of them after an impediment to their marriage has been removed by the death or divorce of the other party to the former marriage of one of them, they shall be held to have been legally married from and after the removal of such impediment, has no extraterritorial force and applies only to persons who were living together as husband and wife in this Commonwealth at the time the impediment was removed. It does not apply to persons who were living together as husband and wife in another State at the time that the impediment was removed and who several months later lived together as husband and wife in this Commonwealth.

INDICTMENT for polygamy under R. L. c. 212, § 11, found and returned in the county of Suffolk in May, 1906.

In the Superior Court the defendant was tried before *Sherman,* J., where the facts appeared which are stated in the opinion. Upon the facts disclosed by the evidence the defendant asked the judge to rule that the defendant was entitled to an acquittal as a matter of law, because his marriage to Minnie C. Tourtellotte was void at its inception and had never been legalized; that he

had no lawful wife living at the time of the marriage ceremony with Jennette Hildreth Smyth, and that therefore he was married to her legally and was not guilty of polygamy.

The judge refused so to rule; and thereupon the defendant consented to a verdict of guilty, which was returned by the jury. At the defendant's request the judge reported the questions of law raised, being of the opinion that they were so important as to require the decision of this court. If the ruling requested by the defendant should have been given the verdict was to be set aside and a new trial was to be granted; otherwise, the verdict was to stand.

The case was submitted on briefs.

*J. F. Creed,* for the defendant.

*J. S. Richardson,* Assistant District Attorney, for the Commonwealth.

HAMMOND, J. This is an indictment for polygamy. At the trial it appeared that the defendant was married on September 18, 1895, to Grace P. Batchelder, in whose favor, on September 10, 1900, a decree *nisi* for divorce was granted, which was made absolute on March 11, 1901. These events occurred in this Commonwealth. On January 26, 1901, the defendant, then having been living four months in Georgia, married there Minnie C. Tourtellotte (she entering into the marriage in good faith and in the full belief that his former marriage had been annulled by divorce), and lived with her for six months after the marriage, at Atlanta in that State, and then separated from her. The defendant and the said Minnie both came to this Commonwealth, but not at the same time, and subsequently cohabited here as husband and wife under the Georgia marriage until March, 1904, no further marriage ceremony between them having at any time been performed. On August 16, 1905, the defendant married Jennette H. Smyth in this Commonwealth, and subsequently lived with her in Boston. The three women were alive at the time of the trial.

To show the law of Georgia, the defendant introduced in evidence the Third Title, c. 1, art. 1 of the Code of the State of Georgia: Domestic Relations, and all sections of the sub-title Marriage and Divorce relevant to the case at bar, particularly the section "Essentials of Marriage," and the section on what

constitute "Void Marriages" under the Georgia Code; and also the following decisions of the Supreme Court of that State, namely: *Equitable Assurance Society* v. *Paterson*, 41 Ga. 359; *Clark* v. *Cassidy*, 62 Ga. 411; *Wrye* v. *State*, 95 Ga. 466; and *Wilson* v. *Allen*, 108 Ga. 275.

The case is before us upon a report; and the question is whether at the time of his marriage to Smyth the defendant was the lawful husband of the woman between whom and him the ceremony of marriage in Georgia took place.

It is plain that, since at the time of that ceremony he had not been completely divorced from his first wife, the ceremony was illegal and void. Code of Georgia, ed. of 1895, §§ 2412, 2416. It is argued, however, by the Commonwealth, that by the cohabitation in Georgia between the parties as husband and wife subsequent to the absolute decree of divorce between the defendant and his first wife, a valid marriage was established under the law of that State. This contention makes it necessary to examine that law.

The law of another State is to be proved like any other fact. We cannot take judicial cognizance of it. In the total absence of any evidence whatever, the common or unwritten law of another State may be taken here to be the same as the law of this State. But the statute or written law must be proved, and we are confined to the proof introduced in evidence at the trial. *Hackett* v. *Potter*, 135 Mass. 349, 350, and cases cited.

Inasmuch as the marriage ceremony in question was illegal and void because of the fact that the defendant then had another wife, it is plain that, if the common law of Georgia is the same as that of Massachusetts, the difficulty was not cured by the cohabitation after the defendant had been fully divorced from his first wife. The solemnization of the second marriage being unlawful, the cohabitation was unlawful in the beginning, and could become lawful only upon a new solemnization after the impediment had been removed. *Thompson* v. *Thompson*, 114 Mass. 566. It is argued, however, by the attorney for the Commonwealth, that in this respect the common law of Georgia is different from that of Massachusetts, in that a new solemnization in a case like this is not necessary to validate the marriage; and he has cited upon his brief some decisions of the Supreme

Court of Georgia (including *Smith* v. *Smith,* 84 Ga. 440) which lead to the suspicion that upon a full investigation of its law this view would appear to be correct; but the difficulty is that in considering this matter we are confined, as before stated, to the statutes and decisions which were introduced in evidence at the trial. Cases which are mentioned in the marginal notes to statutes are not brought before us by merely putting the statutes in evidence. The cases themselves should be specifically put in. Confining ourselves to the evidence, we do not find the contention of the Commonwealth sustained. So far as respects the question of cohabitation after the complete decree of divorce between the defendant and his first wife, there is nothing in the statutes and decisions introduced at the trial which would justify a finding or ruling that by such cohabitation in Georgia a lawful marriage relation was created.

It is however urged by the Commonwealth that even if no lawful marriage existed while the parties lived in Georgia, yet when they afterwards cohabited in Massachusetts they became husband and wife by virtue of R. L. c. 151, § 6, which reads as follows: "If a person, during the lifetime of a husband or wife with whom the marriage is in force, enters into a subsequent marriage contract with due legal ceremony and the parties thereto live together thereafter as husband and wife, and such subsequent marriage contract was entered into by one of the parties in good faith, in the full belief that the former husband or wife was dead, that the former marriage had been annulled by divorce, or without knowledge of such former marriage, they shall after the impediment to their marriage has been removed by the death or divorce of the other party to the former marriage, if they continue to live together as husband and wife in good faith on the part of one of them, be held to have been legally married from and after the removal of such impediment, and the issue of such subsequent marriage shall be considered as the legitimate issue of both parents."

This statute of course can have no extraterritorial force. It could not have affected the status of the parties to the marriage ceremony in Georgia while they continued to reside in that State. The "impediment" was removed several months before they left that State. The statute validates the marriage "from

and after the removal of such impediment." The plain inference from this is that it applies only to cases where, upon the removal of the impediment, it can instantly take effect. As stated by this court in *Turner* v. *Turner*, 189 Mass. 373, 375, the purpose of the statute " is to provide that the marriage ceremony, illegal at first by reason of the existence of an impediment, shall be regarded as taking place at the time the impediment is removed. . . . It is immaterial whether the removal of the impediment is known or unknown. Whether known or not, the marriage ceremony becomes operative upon the removal, if the parties continue to live together as husband and wife in good faith on the part of one of them." In the case at bar all the conditions of the statute existed for months before the parties left Georgia. Manifestly the statute could not apply. The parties were not within the jurisdiction of the statute when by its terms the time came for it to take effect. It must take effect then if at all. The case therefore is not within the statute.

According to the terms of the report the verdict should be set aside and a new trial granted.

*So ordered.*