ANDREW H. CARMICHAEL vs. JOSEPHINE MAY CARMICHAEL.

Plymouth.  December 8, 1948. — April 1, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Marriage and Divorce*, Validity of marriage. *Evidence*, Of state of mind, Admissions and confessions.

A declaratory decree under G. L. (Ter. Ed.) c. 231A that the parties to the proceeding were validly married to each other was proper under G. L. (Ter. Ed.) c. 207, § 6, on findings that, although the respondent was already married to another at the time of a purported marriage of the parties, the petitioner entered into such marriage in good faith believing that the respondent was unmarried, that thereafter, while the parties were living together as husband and wife in this Commonwealth, the respondent was divorced, and that they continued so to live together here for more than a year and a half in good faith on the part of one or both of them.

A finding, that a petitioner seeking under G. L. (Ter. Ed.) c. 231A a declaratory decree that he was not married to the respondent entered into a purported marriage with her in good faith believing that she was unmarried, was not plainly wrong on evidence of statements made by her in his presence before the marriage, of their living together for about two years after the marriage, of the birth of a child to them, and of his having brought a divorce proceeding against the respondent, notwithstanding his testimony that he knew at the time of the marriage that she was already married to another.

In a proceeding under G. L. (Ter. Ed.) c. 231A for a declaratory decree that the parties were not married to each other, the fact that the petitioner had previously brought a divorce proceeding against the respondent might be treated as an admission by him that he had always believed that he was lawfully married to her.

PETITION, filed in the Probate Court for the county of Plymouth on February 16, 1948.

The case was heard by *Davis*, J.

*G. L. Wainwright*, for the petitioner.

*E. G. Townes & E. H. Stevens*, for the respondent, submitted a brief.

SPALDING, J.  This petition is brought in the Probate Court under the provisions of G. L. (Ter. Ed.) c. 231A, in-

serted by St. 1945, c. 582, § 1, to determine the marital status of the petitioner and the respondent. See *Hogan* v. *Hogan*, 320 Mass. 658. From a decree declaring that the parties are lawfully married to each other, the petitioner appeals. The evidence is reported. With the exception of brief findings[1] recited in the decree, the judge made no findings of fact. However, the entry of the decree imported a finding of every fact essential to sustain it within the scope of the pleadings and supported by the evidence. *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 561. *Attorney General* v. *Woburn*, 322 Mass. 634, 635. The findings, express and implied, of the judge will not be reversed unless they are plainly wrong. *Marshall* v. *Landau*, 308 Mass. 239, 241. *Levanosky* v. *Levanosky*, 311 Mass. 638, 639.

Facts as to which there is no dispute are these: The petitioner and the respondent were married on June 18, 1945, in Norfolk, Virginia. Thereafter they lived together there until late in July of that year, when the petitioner, who was in the navy, was transferred to Newport, Rhode Island. At the time of the transfer the respondent went to live with the petitioner's mother in Randolph in this Commonwealth. The petitioner was discharged from the navy on September 28, 1945, and thereafter the parties lived together in this Commonwealth until September, 1947, at which time they separated. At the time of her marriage to the petitioner the respondent was married to Robert Benjamin Dabney. The marriage to Dabney took place in Virginia on October 29, 1935, and the respondent lived with him in that Commonwealth until July, 1940, when they separated. On October 18, 1945, in proceedings for divorce brought by Dabney

---

[1] The findings recited in the decree (see *Curley* v. *Curley*, 311 Mass. 61, 67) were as follows: "It appearing that the petitioner entered into a marriage ceremony in good faith with the respondent at Norfolk in the State of Virginia upon June 18, 1945, and lived with the respondent thereafter as husband and wife, and that the petitioner and respondent continued to live together as husband and wife in this Commonwealth in good faith on the part of one or both of the parties to this declaratory proceeding after an impediment to the marriage of the respondent to the petitioner had been removed by reason of decree absolute of divorce having been obtained by a former husband of the respondent in the Circuit Court of the City of Richmond in the State of or Commonwealth of Virginia, and it further appearing that an actual controversy has arisen between the parties with respect to their marital status."

Carmichael *v.* Carmichael.

against the respondent in Virginia he was granted a decree nisi, the validity of which is not challenged. This decree became absolute on February 18, 1946. See Va. Code (1942) § 5113, as amended by c. 142 of Acts of 1944. The only child born of the cohabitation between the petitioner and the respondent died in September, 1946, a few months after birth. On October 29, 1947, the petitioner filed a libel for divorce against the respondent in the Probate Court for Plymouth County alleging cruel and abusive treatment and gross and confirmed habits of intoxication. That case has never been tried. The present proceedings were begun on February 16, 1948.

Since the respondent at the time of her purported marriage to the petitioner had a husband living, the marriage was a nullity, and no contention is made to the contrary. Va. Code (1942) § 5087. *Toler* v. *Oakwood Smokeless Coal Corp.* 173 Va. 425, 431–435. The sole question argued by the parties is whether the marriage became valid by reason of G. L. (Ter. Ed.) c. 207, § 6, which reads as follows: "If a person, during the lifetime of a husband or wife with whom the marriage is in force, enters into a subsequent marriage contract with due legal ceremony and the parties thereto live together thereafter as husband and wife, and such subsequent marriage contract was entered into by one of the parties in good faith, in the full belief that the former husband or wife was dead, that the former marriage had been annulled by a divorce, or without knowledge of such former marriage, they shall, after the impediment to their marriage has been removed by the death or divorce of the other party to the former marriage, if they continue to live together as husband and wife in good faith on the part of one of them, be held to have been legally married from and after the removal of such impediment, and the issue of such subsequent marriage shall be considered as the legitimate issue of both parents."

The petitioner contends that the evidence would not support a finding that the marriage was entered into by one of the parties in good faith. If its validity depended

on a finding of good faith on the part of the respondent there might be merit in this contention. Despite the fact that at one point she testified that when she married the petitioner she believed that Dabney had divorced her, we are of opinion from an examination of her entire testimony that it is extremely doubtful if she could have had such belief. But it is not necessary to decide that question. It is apparent that the judge rested his decision on findings that the marriage was entered into by the petitioner in good faith, and that thereafter the parties continued to live together in this Commonwealth in good faith on the part of one or both of the parties after the impediment to their marriage had been removed by reason of a decree of divorce granted to Dabney. We shall deal with the case on that basis. These findings met the requirements of G. L. (Ter. Ed.) c. 207, § 6, and were sufficient to support the decree entered in the court below. See *Commonwealth* v. *Stevens*, 196 Mass. 280; *Gardner* v. *Gardner*, 232 Mass. 253; *Hopkins* v. *Hopkins*, 287 Mass. 542, and cases cited. Compare *Levanosky* v. *Levanosky*, 311 Mass. 638.

We are of opinion that the findings of the judge cannot be said to be plainly wrong. We lay to one side the testimony of the petitioner to the effect that he knew when he married the respondent that she was married and had not been divorced. This evidence, coming from one who is seeking to have his marriage declared invalid, might well have been disbelieved. Of course such disbelief would not be equivalent of proof to the contrary. *Boice-Perrine Co.* v. *Kelley*, 243 Mass. 327, 330. There was, however, affirmative evidence sufficient to support the judge's findings. It appears that the respondent, in the petitioner's presence, when applying for a marriage license informed the clerk that she had not been married before and stated (contrary to the fact) that her father's name was Dabney. The judge could have found that the petitioner, in view of those representations, believed that the respondent was unmarried, despite his testimony to the contrary. And where as here, the petitioner's state of mind was one of the ques-

Carmichael *v.* Carmichael.

tions in issue, the judge might have concluded that the conduct of the petitioner was at least as significant as was his testimony. He, therefore, could take into consideration the fact that the petitioner and the respondent, following a marriage with due legal ceremony, lived together as husband and wife for approximately two years; that the petitioner brought the respondent to his mother's home to live shortly after the marriage; that they had a child; and that as late as October, 1947, the petitioner, after consulting with his lawyer, brought a libel for divorce. The bringing of divorce proceedings by the petitioner, which was predicated on the existence of a valid marriage, was inconsistent with the position later taken by him and could be treated as an admission that he had always believed that he was lawfully married.

The evidence was sufficient in our opinion to support a finding that the petitioner entered into the marriage contract with the respondent in good faith and without knowledge of the respondent's former marriage. It also was sufficient to support a finding that satisfied the other requirement of the statute, as construed in *Commonwealth* v. *Stevens*, 196 Mass. 280, namely, that at the time the impediment to the marriage was removed the petitioner was living with the respondent in this Commonwealth and continued thereafter to live with her here in good faith. See *Turner* v. *Turner*, 189 Mass. 373, 375–376; *Hopkins* v. *Hopkins*, 287 Mass. 542, 548.

The question of evidence argued by the petitioner has become immaterial.

It follows that the decree of the Probate Court is affirmed.

*So ordered.*