DANIEL F. McCORMACK *vs.* RUBY CONSTANCE CASTINGS. March 2, 1950. Decree affirmed. This is an appeal from a decree of the Probate Court refusing to admit to probate, because found not to be legally executed, an instrument purporting to be the last will and testament of John Barrett, late of Malden, which purports to have been executed in England on July 9, 1940. There is not a scintilla of evidence that he was in England on that date. On the other hand, the evidence is direct and positive that he left England in September, 1939, and never returned, and that on the date appearing in the will he was at Nantucket in this Commonwealth. His address as written in longhand in the will was given as a certain hotel in New York, but the evidence indicated that he never stayed at this hotel until April, 1940, and that he had never seen this hotel up to the last time he was in England. The top part of this one page instrument consists of fourteen lines, and in this section are contained the name and address of Barrett, the nomination of an executor, and the disposition of all his property to one Murrell. These lines are immediately followed by his signature. The middle of the page is blank. His signature again appears at the bottom of the page with those of two witnesses. The English law required but two witnesses. There was evidence that a different ink and a different pen were used in writing the top and bottom parts of this page. Both persons who signed as witnesses testified by way of deposition that they signed this paper sometime between August and November, 1937. One witness, who deposed that he examined the will on a Sunday in August, 1939, stated that he did not remember whether it then contained the New York hotel as Barrett's address, and that it definitely did not contain the words naming a New York bank as executor. Another witness deposed that Barrett showed her the instrument in August, 1938, and inquired whether he had spelled a name correctly. The sole beneficiary, who resides in England, did not testify or give any deposition. The whereabouts of the instrument up to the time it was filed in the registry of probate is not disclosed by the evidence. Further recital of the evidence would only serve to add confusion and bewilderment concerning this strange document, and would not tend to show whether it was completed when it was signed by Barrett and the two witnesses at the bottom of the sheet or whether the body of the instrument was filled in by Barrett after he arrived in America. Certainly it cannot be said that the judge was plainly wrong in refusing to admit such an instrument to probate. *Berry* v. *Kyes*, 304 Mass. 56. *Carmichael* v. *Carmichael*, 324 Mass. 118.

The case was submitted on briefs.

D. F. *McCormack*, for the proponent.

A. W. *Rockwood*, B. C. *Perkins*, & J. L. *Simonds*, for the contestant.