MARGARET FRASER *vs.* ARTHUR FRASER.[1]

Middlesex. November 5, 1957. — January 8, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Marriage*, Validity. *Evidence*, Admissions and confessions. *Husband and Wife*, Husband's duty to support. *Contract*, Validity, Consideration.

In a separate support proceeding in which the respondent denied that he was married to the petitioner, conclusions that he entered into a purported marriage with her in Rhode Island in good faith and that the marriage ultimately became valid by reason of G. L. (Ter. Ed.) c. 207, § 6, were warranted by evidence that, although they went through the marriage ceremony before a divorce obtained against the petitioner by a former husband had become final, the petitioner and the respondent returned to Massachusetts a few months after the ceremony, lived here together as husband and wife for over thirty-one years, had two children born to them, and took title to land as tenants by

---

[1] The parties here are not the same as those in *Fraser* v. *Fraser*, reported in 334 Mass. 4, and this case is not to be confused with that one.

the entirety, and that recently the respondent had asserted in a divorce proceeding against the petitioner that she was his wife. [600–601]

In a separate support proceeding in which the respondent denied that he was the husband of the petitioner, the fact that the respondent had recently alleged in a proceeding for divorce that the petitioner was his wife could be treated as an admission that he really believed that he was lawfully married to her. [601]

An agreement made between husband and wife through trustees, providing that if the wife should receive one half the proceeds of the sale of certain land and one third of the net profits arising from the operation of a certain business she would "accept the same in full satisfaction of all rights to support or maintenance at the hands of" her husband, "whether past, present or future and in full release and satisfaction of any claims she may have to such support and maintenance," was not a bar to an order for support in a subsequent proceeding by the wife for separate support in which there was no evidence that the land was sold or that there were any profits arising from the operation of the business after the execution of the agreement. [601–602]

PETITION, filed in the Probate Court for the county of Middlesex on July 2, 1956.

The respondent appealed from a decree entered after hearing by *McMenimen*, J.

*Albert W. Wunderly*, for the respondent.

*Harry B. Zonis*, (*Robie E. Kempton* with him,) for the petitioner.

COUNIHAN, J. This is a petition for separate support, G. L. (Ter. Ed.) c. 209, § 32, for desertion. The respondent's answer denied that he was the husband of the petitioner and denied that he was under any obligation to support her. The respondent in his brief admits that the petition is in effect a petition to affirm a marriage and we deal with the case on that basis.

Designated portions of the evidence appear in the record. Rule 2 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 693. The judge was not requested to make and did not make a report of material facts. The judge ordered the entry of a decree that the petitioner for justifiable cause is actually living apart from her husband for the cause of desertion and made orders for her support. The case comes here upon an appeal from that decree. There was no error.

Most of the facts are not in dispute. It appears that the parties to this petition went through a marriage ceremony in Pawtucket, Rhode Island, on January 20, 1923, when the respondent was living and working in Pawtucket. The petitioner was then the wife of one Edwin J. Wellman who, however, on September 18, 1922, had obtained a decree of divorce nisi for desertion against the petitioner on his libel filed in the Essex Probate Court. This decree did not become absolute until the expiration of six months after its entry. G. L. c. 208, § 21, now G. L. (Ter. Ed.) c. 208, § 21. By G. L. c. 208, § 24, now G. L. (Ter. Ed.) c. 208, § 24, as amended, the party from whom the divorce was granted shall not remarry within two years after the decree has become absolute if the other party is living.

The parties lived in Pawtucket for about six months after their marriage. Thereafter they returned to Massachusetts where they lived together as man and wife until late in December, 1954, a period of over thirty-one years, when the respondent left her. Two children were born of this marriage both of whom were adults when this petition was brought.

There was conflicting evidence as to what happened when these parties obtained the marriage license in Pawtucket. The petitioner insisted that she believed that the divorce from Wellman had occurred more than two and a half years prior to her marriage to the respondent. She admitted that she had told the respondent that she had been divorced but that she had not told him when or where.

Sometime in 1936 they built a house at 190 Massachusetts Avenue, Acton, with a kennel and a kennel shop near by. They both operated the kennel and shop until he left her. Title to the land on which these buildings stood was in their names as husband and wife as tenants by the entirety.

Early in March, 1955, the petitioner received by mail a notice from the Circuit Court of Polk County, Florida, with a copy of a bill for a divorce filed there by the respondent against the petitioner. The bill alleged that the plaintiff and the defendant were lawfully married in Pawtucket in

Rhode Island on January 20, 1923, and that the defendant had deserted him. The petitioner here ignored this notice and apparently a decree of divorce for the respondent was entered in Florida in April, 1955. Sometime later in April, 1955, the respondent returned to Acton with a new wife and they took up their residence in an apartment over the kennel.

There is no doubt that the marriage between the parties in Pawtucket on January 20, 1923, was a nullity because the divorce granted to the petitioner's former husband, Wellman, had not become absolute and also because the provisions of G. L. (Ter. Ed.) c. 208, § 24, applied to her.

The sole question before us is whether the marriage became valid by reason of G. L. (Ter. Ed.) c. 207, § 6, which reads: "If a person, during the lifetime of a husband or wife with whom the marriage is in force, enters into a subsequent marriage contract with due legal ceremony and the parties thereto live together thereafter as husband and wife, and such subsequent marriage contract was entered into by one of the parties in good faith, in the full belief that the former husband or wife was dead, that the former marriage had been annulled by a divorce, or without knowledge of such former marriage, they shall, after the impediment to their marriage has been removed by the death or divorce of the other party to the former marriage, if they continue to live together as husband and wife in good faith on the part of one of them, be held to have been legally married from and after the removal of such impediment, and the issue of such subsequent marriage shall be considered as the legitimate issue of both parents." The respondent contends that the evidence would not support a finding that the marriage was entered into by one of the parties in good faith. The evidence as to this was conflicting but on the whole we are of opinion that despite the testimony of the respondent the judge could find that the respondent entered into the marriage with the petitioner in good faith. His evidence to the contrary might well have been disbelieved by the judge especially as it came from one who was seeking to have that marriage declared invalid. While such disbelief would not

be the equivalent of evidence to the contrary, there was sufficient evidence to support the decree of the judge. What we have just said comes almost verbatim from what was said in *Carmichael* v. *Carmichael*, 324 Mass. 118, at page 121, and we are of opinion that it is controlling in the case before us.

The judge here could take into consideration the fact that the parties, following a marriage with due legal ceremony, lived together for over thirty-one years and that two children were born to them. Most significant, however, is the fact that as late as March, 1955, the respondent asserted in his bill of complaint for divorce in Florida that the petitioner was his wife and that she had deserted him. This is clearly inconsistent with the position taken by him in the case befor us and could be treated as an admission that he really believed that he was lawfully married to the petitioner.

It is equally significant that, when the parties took title to the land in Acton, they took it as tenants by the entirety which may be done only when the relationship of husband and wife exists.

The judge made no findings of material facts but "the entry of the decree imported a finding of every fact essential to sustain it within the scope of the pleadings and supported by the evidence. . . . The findings, express and implied, of the judge will not be reversed unless they are plainly wrong." *Carmichael* v. *Carmichael*, 324 Mass. 118, 119. We are of opinion that the findings of the judge implicit in the decree are fully supported by the evidence. The case of *Fraser* v. *Fraser*, 334 Mass. 4, is not applicable because in that case a majority of the court concluded that the findings of the judge were not supported by the evidence.

During the trial there was introduced in evidence an agreement between the parties and two attorneys (father and son) acting as trustees, which provided, among many other things, "that if she [the petitioner] shall so receive one-half the proceeds of any land so sold and shall receive one-third of the net profits arising from the operation of Fraser's Kennels, Inc. and Pet Shop, she will accept the

same in Full Satisfaction of all rights to support or maintenance at the hands of Arthur Fraser, whether past, present or future and in Full Release and Satisfaction of any claims she may have to such support and maintenance." In his brief the respondent argues that this agreement precluded the court from making any order for support on this petition. However, it is important to note that there was no evidence to show that there were any profits arising from the operation of the kennel or that any of the land owned by the parties was sold after November 24, 1954, the date of the agreement, so that she received nothing by way of proceeds of any sale. Usually fair and material provision is made for the wife in consideration of the release of the husband's duty to support. *French* v. *McAnarney*, 290 Mass. 544, 547. *Bradford* v. *Bradford*, 296 Mass. 187. If for no other reason than the failure of consideration this agreement was not a bar to this petition. See *Wilson* v. *Caswell*, 272 Mass. 297. Compare *Reynolds* v. *Owen*, 328 Mass. 451, 452–453.

Finally, the Florida divorce was not a factor in the determination of this case by the judge and the respondent does not suggest or argue in his brief that the Florida divorce had any effect on the issues before us.

> *Decree affirmed with costs of*
> *appeal to be awarded the*
> *petitioner in the discretion*
> *of the Probate Court.*