## Northern District

No. 5857

**GEORGE C. SCOTT**

**Executor under the will of Harriett A. C. Scott**

**v.**

**EAST CAMBRIDGE SAVINGS BANK**

*Present*: Brooks, P. J. & Kelleher, J.

Case tried to *Parker, J.* in the Third District Court of Eastern Middlesex. No. 3207 of 1962.

(This opinion has been abridged)

*Kelleher, J.* This is an action of contract. The Plaintiff's declaration is in two counts.

In count 1 he seeks to recover $20.21 turned over by the defendant to the Com-

missioner of Corporations and Taxation as abandoned property on October 31, 1955; and alleges that notice to the depositor, as required by law was not properly given, and that the defendant was not discharged under the law and owes the plaintiff the amount of the deposit so turned over, with interest from May 26, 1962, the date of the plaintiff's demand.

In count 2 he alleges that on May 29, 1952, he inquired of the defendant by letter the amount of the account; that the defendant answered stating the account was in the amount of $18.17 as of October 15, 1951, and that said letter was a communication in writing, and a valid claim, and so evidence of ownership under the provisions of G. L. c. 200A.

The defendant filed a demurrer which was overruled. Its answer is a general denial and the Statute of Limitations.

At the trial the defendant's treasurer produced the defendant's ledger card for the account: "balance as of October 15, 1951, $18.17," and testified that the only notice, prior to September 6, 1961, to any owner of the account was a letter which was returned unopened, and publication, as found by the court. He also produced the testatrix' signature card, according to which the testatrix, Harriet A. C. Scott, the original owner of the account, was born December 7, 1862 and testified that $24.11 was what the account would have been April 15, 1961, if it had

not been turned over to the Commonwealth.

The testatrix died October 31, 1951 a resident of Medford. On November 28, 1951, in the Middlesex Probate Court, Docket No. 305,588, the plaintiff, then of Medford, but now of Arlington, was appointed Executor of her will and ever since has been and still is such Executor.

On May 29, 1952, the plaintiff mailed a letter to six banks, including East Cambridge Savings Bank. The amount of $18.17 was entered in the inventory of the estate which was filed late in 1952, this being the amount shown as a balance in the defendant bank.

The plaintiff on September 6, 1961, called the defendant, was told that the account had been turned over to the Commonwealth and that forms would be sent to the plaintiff. The defendant did forward on September 6, 1961, a letter and a form "Holder's Certificate of Validity of Claims and Claim".

The plaintiff filed this form and the bank book with the defendant, and on or about February 28, 1962, received a check from the Commonwealth for $18.30 "Refund to Claimant of Abandoned Property less costs and expenses". This check was put in evidence. This check had not been endorsed or deposited.

On May 26, 1962, the plaintiff made demand on the defendant for the difference between what the amount of the account would have been if it had not been treated as abandoned and the amount of $18.30

which was the amount of the check received from the Commonwealth.

The trial judge found for the plaintiff on count 1 in the amount of $20.21 with interest from the date of the writ, and for the defendant on count 2.

We find no error in this finding.

On count 1, the defendant filed three requests for rulings upon which the court took the following action:

1. There was evidence which would warrant a finding for the defendant, but the court on all the evidence does not so find on count 1.

2. There was evidence which would warrant a finding as requested but the court, on all the evidence, does not so find on count 1.

3. Denied as to count 1. (see Findings and Rulings supra)

The plaintiff filed, among others, the following requests for rulings. Insofar as they refer to count 1, they were deemed waived by the court:

(5) (b) There was never a presumption that account No. 81,965 was "abandoned".

(14) The defendant, when it reported account No. 81,965 as presumed "abandoned" knew or should have known that the plaintiff as such Executor was the owner thereof, and that, therefore, this account was not presumed "aban-

doned" because the plaintiff as Executor had no authority to abandon property of value, such as the savings account, that was an asset of the estate.

(15) The plaintiff was not required to prevent a presumption of "abandonment" to send or present to the defendant the pass book and have an entry made thereon.

(16) (a) In 1952, a letter in form like Exhibit A annexed to the plaintiff's declaration was sent to and received by the defendant.

(b) This letter was a communication in writing concerning the deposit.

(c) There was, therefore, no presumption that the account was "abandoned."

On these requests the court took the following action:

(5) (b) Denied

(14) Denied

(15) Granted

(16) (a) Denied. This is a request for a finding of fact.

(b) Granted as a statement of law, but the court does not find it was received.

(c) Denied. This request is based on facts not found by the court.

The defendant claims to be aggrieved by the finding that the defendant failed to comply with the law; that the regulations under which

the defendant acted were void; that the Statute of Limitations was not raised as a defense.

The plaintiff claims to be aggrieved by:

(1)   The court's not finding as requested that the defendant received a letter dated May 29, 1952.

(2)   The court's disregard and exclusion of the letter after having admitted it at the trial.

(3)   The court's finding for the plaintiff in the amount of $20.21 instead of $24.11, and

(4)   The court's refusal to find as requested that there was no presumption of abandonment.

Each party requested a report of alleged grievances as stated and filed a draft report thereof.

G. L. c. 200A, §11 (a) provides that a person who surrenders property to the Department under the provisions of this chapter shall be relieved of liability to the owner of said property or any person claiming under him, arising from such surrender.

The account in question stood in the name of the plaintiff's testatrix, whose address was 71 Otis Street, Medford, Mass.; on July 1, 1955, this account was reported to the Commissioner in accordance with G. L. c. 200A, §7(a) and (b) as it then existed. The defendant published an advertisement in the *Cambridge Chronicle* on September 22, 1955, showing a list of accounts turned over to the Commissioner and there was included in said

advertisement a statement to the effect that said Bank was holding sixty-five accounts of less than $25.00 each, totaling $274.87 to be turned over to the Commissioner and stating therein that a list of these accounts is available at the bank. This was the only advertisement by the defendant concerning this account; also a notice was mailed by the defendant first class postage on September 23, 1955, to Harriet A. C. Scott, 71 Otis Street, Medford, Mass. which said notice was returned, unopened, to the defendant with the notation "moved, left no address".

The defendant, in publishing and mailing, followed the regulations established by the Commissioner under the first sentence of St. 1950, c. 801, §13, which reads as follows:

"The Commissioner is hereby empowered to promulgate such rules and regulations as are consistent herewith which he may deem advisable to the proper enforcement of this chapter."

The regulation relative to publication which called for publication in the manner in which it was done, is not in accordance with the provisions of §8(b) of c. 200A existing at the time of publication, the pertinent part of which reads as follows:

"(b)  Such notice shall be published once in a newspaper in the County of the situs of the property *and in the city or town where the owner according to the records 'of the holder, last had a business or residential address.*"

In mailing notice by first class mail, the defendant likewise followed the regulations established by the Commissioner. The mailing was *September* 22, 1955. At that time, the first sentence of G. L. c. 200A, §13 had been stricken out by St. 1953, c. 654, §99 so the regulation made by the Commissioner was void. St. 1953, c. 654 amended G. L. c. 14 and created a new Tax Commission. Such Commission was given the power to make, and from time to time revise, such reasonable regulations, not inconsistent with law, as may be necessary, to interpret and enforce any statute imposing any tax, excise or fee which is or shall be assessed or collected by the Commissioner, to prescribe the procedures to be followed within the department in seeking an abatement, refund, reimbursement or other relief under such statute.

There was no evidence presented to show that any regulation covering this statute had been made by the Commission. Further, the court ruled that if there were such a regulation passed by the Commission, it would not be valid inasmuch as G. L. c. 200A does not impose a tax, excise or fee and further, if such regulation were to be in effect in regard to G. L. c. 200A, it would be inconsistent with §8(c) (1) of G. L. c. 200A in effect at the time of mailing.

The court ruled that the defendant did not surrender the property to the Department of Taxation under the provisions of G. L. c. 200A in that the publication of the notice and

the mailing of the same were not in accordance with the provisions of G. L. c. 200A, §8(b) and (c) (1) in existence at the time of the mailing and publication.

We agree with the ruling of the trial judge with respect to publication. The regulations promulgated by the Commissioner are inconsistent with the provisions of the statute, G. L. c. 200A, §8(b). This statute was not followed with respect to publication. The defendant did not surrender the property to the Department of Corporations and Taxation under the provisions of G. L. c. 200A, in that the publication of the notice and the mailing of the same were not in accordance with the provisions of G. L. c. 200A, §8(b) and (c) (1) in existence at the time of such publication and mailing.

■ It is a fundamental rule concerning rights depending on statutes that where a defendant asserts a right under a statute in avoidance of a plaintiff's claim, the defendant must show full compliance with the statutory requirements. *Caldwell v. Eastman,* 248 Mass. 332. The defendant has not shown full compliance with the requirements of the statute in question.

■ There was no error in the action taken by the trial judge with respect to the three requests filed by the defendant, inasmuch as these requests are predicated upon facts not found by the court. *Liberatore v. Framingham,* 315 Mass. 538.

■ With respect to count 2, the plaintiff,

after calling upon the defendant to produce a certain letter, which the defendant did not produce, offered in evidence a copy of a letter dated May 29, 1952, which did not contain the name nor the address of the defendant as the person addressed. This copy was admitted in evidence by the court, and a report on its admittance was claimed by the defendant. The plaintiff failed to prove that this letter was prepared and properly addressed to the defendant. The court was in error in admitting the copy. However in its consideration of the case, the court disregarded and later excluded it.

Inasmuch as the plaintiff's letter did not contain the name or addresss of the defendant as the person addressed, it was proper for the court to find, as it did find, that the copy offered was not a copy of the letter which was sent by the plaintiff.

■ The general finding for the defendant is to stand, unless so plainly wrong as to be reversible as a matter of law. *Carmichael v. Carmichael,* 324 Mass. 118; *Fraser v. Fraser,* 336 Mass. 597.

We find no prejudicial error in the disposition of the requests for rulings of the plaintiff as they relate to count 2 (5) (b), (14), (16) (a), (16) (c), (15), (16) (b).

*Report dismissed.*

George C. Scott, of Arlington, Plaintiff, pro se.
Mary Linnane & John J. Fitzpatrick, both of Winchester for the Defendant.