*Southern District*

No. 29095

## ELEANOR IACOBUCCI, PRIMO IACOBUCCI AND RITA MONTINI

v.

## MARY E. PINELL

*Present:* Nash, P.J., Cox & Murphy, JJ.

Case tried to *Owen, J.*, in the District Court of East Norfolk, No. 29095.

*Murphy, J.* This is an action of tort for personal injuries, property damage and consequential damages as a result of a two-car collision on the South-East Expressway.

It was agreed at the trial that the street was a public way, that both operators were duly licensed, that both cars were properly registered, and that the accident occurred at 10:30 p.m. on the day in question.

The defendant's answer was a general denial, contributory negligence, lack of agency, statute of limitations and illegal registration.

The evidence was conflicting. There was evidence from the plaintiffs that after their vehicle had skidded on the icy surface of the

road, they left the vehicle to examine the wheels, that they had returned to the car and were then struck in the rear by the defendant's automobile, and that the defendant had stated that it was dangerous to exchange papers at that location, and that they should drive to a breakdown lane, and she agreed to meet the plaintiffs at the Quincy cut-off. The plaintiffs drove to this cut-off and waited for the defendant, who did not arrive. The plaintiffs had taken the registration number of the defendant's car.

There was evidence from the defendant that it was snowing, that she was proceeding in the left lane when the plaintiff's car in front of her skidded and struck the guard rail and bounced into the path of her car, that she turned left into the guard rail and skidded into the plaintiff's car. There was further evidence from her that she talked to the plaintiffs and then pulled into a break-down lane to wait for them, but they drove off. There was further evidence that there was traffic to the defendant's right at the time of the accident.

The Court found for the defendant.

The plaintiffs duly filed a motion for a new trial on the following grounds:

"1. The finding for the defendant is against the evidence.

2. The finding is against the weight of the evidence.

3. The finding for the defendant is against the law.
4. That the finding for the defendant, if allowed to stand will result in the miscarriage of justice.
5. Newly discovered material evidence which was not available at the time of trial.''

After hearing the motion for a new trial, it was disallowed by the court.

The plaintiffs claim to be aggrieved by the court's finding for the defendant and by the court's rulings on their motion for a new trial.

■ The motion for a new trial was properly denied. A motion for a new trial is addressed to the sound judicial discretion of the court. It cannot be reviewed unless the record shows abuse of discretion or error of law. There is nothing in the record here to indicate any abuse of discretion or error of law.

■ The findings of fact made by the judge on this conflicting evidence are final. *Nicholi* v. *Berglund*, 293 Mass. 426, *Restuccia* v. *Bonner*, 287 Mass. 592.

■ The newly discovered material evidence alleged not to be available at the trial was testimony of a police officer, which was offered to rebut or to impeach the testimony of the defendant. This in and of itself is not grounds for a new trial. Evidence which goes only to impeach the credibility of a witness or, for that

matter, of a defendant at the trial is not proper grounds for a new trial. *DeLuca* v. *Boston Elevated Railway Company,* 312 Mass. 495 and cases cited.

■ There were no requests for rulings filed in this case, and the record discloses ample evidence to justify the finding for the defendant. Such a finding imports a further finding of all the subsidiary facts and the drawing of all rational inferences essential to that conclusion. This finding must stand if permissible upon any reasonable view of the evidence or unless it is plainly wrong. We cannot say the judge's view of the evidence was unreasonable or that the finding was plainly wrong on the record before us. *Moss* v. *Old Colony Trust Company,* 246 Mass. 139; *Kennedy Brothers* v. *Bird,* 287 Mass. 477 and *Joseph Zaleski* v. *Laura R. Zaleski,* 330 Mass. 132.

**There being no prejudicial error, an order should be entered dismissing the report.**

JOSEPH P. MCDONOUGH
 of Quincy for the Plaintiff.
WILLIAM G. BURKE
 of Quincy for the Defendant.