*Northern District*
No. 6728
## HAROLD'S SHOES, INC.
v.
## NATHAN PALOSKY
Argued: April 20, 1968.   Decided: July 22, 1968

*Present:*   Brooks, P.J., Yesley, Durkin, J.J.

Case tried to *Parker, J.* in the Third District Court of Eastern Middlesex. No. 3606 of 1966

*Yesley, J.*   In this *action of tort* the plaintiff seeks to recover for damage to personal property kept in the basement of its shoe store numbered 39-41 Leonard Street, Belmont, allegedly caused by the negligence of the defendant in opening a plug in a drain pipe in the basement.

*There was evidence that* a repair crew employed by the town entered the basement of the store in order to drain off water from street pipes that had become blocked up outside the premises, that while they were working in the basement the defendant, a licensed plumber,

came to them and requested their help to unblock a drain pipe at his home, that while there he[1] put a barrel under a clean-out plug in a drain pipe which ran along a wall of the basement, then removed the plug, as a result of which water and sewage spilled over on to the floor damaging various lots of footwear, a cash register and display materials, belonging to the plaintiff. The only evidence as to the value of the damaged items before and after the spillage was given by the plaintiff's president-treasurer, one Harold Maloomian, who also testified that $65.00 was paid by the plaintiff to clean up the debris resulting from the spillage. There was no objection to the admission of this evidence when offered, but at the close of Mr. Maloomian's testimony, the defendant moved that the said evidence as to value and as to the cost of cleaning up be stricken. The court denied the motion and found for the plaintiff in the amount of $669.25.

The case comes here on a report by the trial justice of his denial of the defendant's aforesaid motion to strike, his denial of requests for rulings numbered 7, 8, 9, 12 and 13 and his action in granting request numbered 10, but finding "the [D]efendant's negligence [to be] the proximate cause of the [P]laintiff's damage".

We turn first to the question of the propriety of the denial of the motion to strike. It

---

[1] The report doesn't disclose the circumstances prompting these acts on the part of the defendant other than as being purely voluntary on his part.

appears that the evidence sought to be excluded was admitted without objection. It therefore was competent for all purposes including its use as evidence of the truth of the facts stated therein, *Regan* v. *John J. Amara & Sons Co.*, 348 Mass. 734, 737, and entitled to its "natural probative force". *Commonwealth* v. *Costa,* 1968 A.S. pp. 599, 600. See *Leach* v. *Liacos,* Handbook of Massachusetts Evidence (4th Ed.) 69. Objections to such evidence, once admitted, "cannot as of right be insisted upon by means of motions to strike out". *Solomon* v. *Dabrowski,* 295 Mass. 358, 360; *Leonardi* v. *Peabody,* 351 Mass. 697 and cases cited at page 706. The denial of the motion presented no question of abuse of discretion.

The trial justice expressly found that Mr. Maloomian was qualified to testify to the value of the damaged property. Such a finding is not to be reversed unless there was no evidence to warrant it. *Arena* v. *John P. Squire Co.,* 321 Mass. 423, 425. The evidence amply supported this finding. He was the president and treasurer of the plaintiff which owned the property and was personally familiar with it. (See *Winthrop Products Corp.* v. *Elroth Co., Inc.,* 331 Mass. 83, 85). The defendant attempts to make a point of the fact that Mr. Maloomian's opinion of the value of the property, in its damaged condition, was based on observations made three days after the damage occurred. The trial justice however, expressly found that the value thus given "was the value in [the wit-

ness'] opinion immediately following the damage". There was no error in denying the motion.

Turning now to the defendant's requests for rulings, the disposition of which aggrieved him.

Requests numbered 7, 8 and 9 seek rulings which if allowed would deny any probative force to the testimony of Mr. Maloomian, referred to above, as to the value of the damaged property and the cost of cleaning up the premises. As we have already stated, in upholding the denial of defendant's motion to strike such testimony, it is entitled to its full weight. The result is the same when the attack is made by requests for rulings, *Solomon* v. *Dabrowski,* supra, page 360. The trial justice did not err in denying these requests.

Request No. 10 reads as follows:

> "The (D)efendant is not liable for damage which was not the probable, natural and direct consequence of his negligence."

The trial justice granted this request "as a statement of law", but he found "that the [D]efendant's negligence was the proximate cause of the [P]laintiff's damage." To this finding, the defendant took exception.

A finding of fact, however, is not subject to review by this Division unless the sufficiency of the evidence to warrant it is brought into question by a request for ruling. *Stella* v. *Curtis,* 348 Mass. 458, 461.

Request No. 12 reads as follows:

> "There is no evidence from which the

amount of damage caused by the [P]lain-tiff's wrongful failure to use reasonable effort to minimize the damage, could be found."

The trial justice denied the request, finding specially that "the [P]laintiff made sales of the damaged goods and had the cellar cleaned within a reasonable time." By his finding the trial justice made it clear that the assumption in the request of a wrongful failure by the plaintiff to minimize the damages was not found by him to be the fact. The request was properly denied. *Liberatore* v. *Framingham,* 315 Mass. 538, 543, 544.

Request No. 13 reads as follows:

"The [P]laintiff has not sustained the burden of proof in this case."

This in effect requested the court to rule that the evidence did not warrant a finding for the plaintiff. The evidence is ample to support the general finding for the plaintiff and by impli-cation the subsidiary findings essential thereto of negligence on the defendant's part and re-sulting damage to plaintiff's property. *M. DiMatteo Construction Company* v. *Common-wealth,* 338 Mass. 568, 572.

We find no error in the rulings complained of; and **the report is ordered dismissed.**

GLENN M. SHRIBERG
  for plaintiff
JACOB GEISINGER
  for defendant