*Southern District*

No. 27920

**JOHN GROTHER MILES**

v.

**JOHN AND SUSAN LYONS
DEFENDANTS AND THIRD PARTY
PLAINTIFFS**

v.

**ANITA L. MILES
THIRD PARTY DEFENDANT**

Argued: Feb. 26, 1959  Decided: Apr. 30, 1969

*Present:* Nash, C. J., Cox, Lee, J.J.

Case tried to *Colten, J.,* in the Municipal Court of West Roxbury No. 27920

*Cox, J.* This is an action of tort for conversion of a dining room table and four chairs. The defendants (Lyons) impleaded as third party defendant Anita L. Miles as a person who might be liable for the plaintiff's claim against them. G.L.c. 231, § 4B inserted by St. 1964, c. 696. The facts are not in dispute.

On Februray 8, 1966 the plaintiff had purchased the table and six chairs for $350.00. Anita L. Miles is the former wife of the plaintiff. She had possession of the furniture. In February, 1967, Anita L. Miles sold the table and four chairs to Lyons for $100.00, falsely asserting that they belonged to her. She gave Lyons a bill of sale.

The only question reported for our determination is the amount of damages to which Ly-

ons may be entitled as third party plaintiff.

The value of the furniture at the time of the conversion by Lyons was found to be $275.00 and the justice found for the plaintiff against the defendants Lyons in that amount. However, he found for Lyons as third party plaintiffs against Anita L. Miles, third party defendant, in the sum of $100.00.

Lyons filed a motion for a new trial on the ground that the justice had made findings, inconsistent as matter of law. They contend that the finding for them should have been for $275.00, the value of the furniture at the time of the conversion. The motion was denied and the question of damages reported.

The question of inconsistency is rightly raised by Lyons' motion for a new trial. *Biggs* v. *Densmore*, 323 Mass. 106, 108.

Anita L. Miles as seller, by implication if not expressly, warranted her title and right to convey the furniture to Lyons. The warranties were broken as soon as they were given. Anita L. Miles had no title and no right to convey the furniture. Lyons received no title. The justice so found. The measure of Lyons' damages is "the loss resulting in the ordinary course of events from the seller's breach." G.L. c. 106, § 2-714. In this case it is $275.00, the value of the furniture which Lyons "lost by not receiving a title to it as warranted". Lyons' loss cannot be measured by the $100.00 which they paid for the furniture. They are entitled

to the benefit of their bargain even though they may have "driven a hard trade". There was no evidence of fraud.

This conclusion finds the support which Lyons as third party plaintiffs claim for it in the case of *Spillane v. Corey,* 323 Mass. 673. See also *Rice* v. *Price,* 340 Mass. 502, 507.

There is no occasion for a new trial. The finding of $100.00 for Lyons as third party plaintiffs is vacated. They are to have judgment against Anita L. Miles, third party defendant, in the sum of $275.00.

No question is reported relative to the finding for the plaintiff against Lyons in the sum of $275.00.

NILES & NILES
    of Boston for the Plaintiff
WILLIAM A. MCCARTHY
    of Boston for John and Susan Lyons
    No Brief or argument for defendant Anita L. Miles