Black, J.
This is a civil action for rent brought in May 1981 by the plaintiff, Emidio Papa, as Trustee for the Papa Trust, against the defendant, Peter DiDominici. The suit arises out of a written lease between the parties which became effective August 15, 1979, and which relates to the first floor of the plaintiffs building used as a bakery shop. The amount claimed is $1,758.50.
The defendant’s answer was filed June 4, 1981. In substance, the defendant denied owing the plaintiff anything. There were also three counterclaims, only one of which is material to this appeal. The counterclaim in its entirety is as follows:
Because of the plaintiffs neglect and failure to secure the second floor of the building in which the premises were located, the second floor was continually occupied by vandals, resulting in fire hazards, broken windows, water damage, and frozen and cracked water pipes. Although the defendant repeatedly asked the plaintiff to secure the vacant second floor, the plaintiff failed to do so throughout the term of the lease, and also failed to make repairs caused by his failure to secure the premises.
Because of the plaintiffs neglect and failure to repair water leaks to the premises, the entire front door and window showcase area of the premises suffered water damage throughout the term of the lease, causing the showcase areas to be unusable and the front entrance to be unsightly to customers.
Because of the Plaintiffs failure tc maintain the premises in accordance with the customary practice, and his failure to secure the building *120 from the elements, as well as his failure to make timely repairs, the second floor of the premises allowed the cold and water to enter, causing water pipes to break on or about December 26, 1980. This break caused the premises to be flooded with water for three days, diminishing the value of the premises.
Because of all the facts set forth in paragraph 9 through 11, the value of the premises to the defendant was at least $150.00 per month less than the rent specified in the lease, throughout the term of the lease.
WHEREFORE, the defendant prays for the judgment in the amount of $2775.00, plus interests and costs.
The court found for the plaintiff with respect to rent in the amount claimed, namely $1758.50, plus interest and costs. The court also found for the defendant in respect to the counterclaim set forth above in the sum of $1850.00 plus interest.
At trial, evidence was introduced tending to show that the parties had entered into a written lease which became effective August 15,1979. The lease provided for use by the defendant of a portion of the first floor of the plaintiff s building for a bakery shop. At the commencement of the lease, the first floor also contained a hairdressing shop and the second floor was vacant. The second floor of the building remained continuously vacant until at least February 28,1981, when the plaintiff sold the building. Before trial, the parties stipulated that the rent due the plaintiff under the lease was $1758.50. At some time after the commencement of the lease but prior to February 28, 1981, vandals entered the second floor and broke windows and entry doors, and used the second floor as a place to smoke, throwing cigarette butts and other debris on the floor. The doors and frames to the broken windows were boarded up from time to time by the defendant and employees of the plaintiff. On or about December 26,1980, the area experienced severe cold weather. Consequently, the water pipes located on the second floor burst and some water leaked through the ceiling of the bakery shop causing damage to the defendant’s personal property. Prior to December 26, 1980, the plumbing and pipes on the second floor were connected to the pipes on the first floor and the second floor pipes had not been drained or winterized in any way. The second floor was unheated during this period.
At the conclusion of the trial, neither party made any requests for rulings.
The court made the following “Findings of Fact and Order For Judgment”:
The parties have stipulated that the contract rent for the period is $ 1758.50. The issues raised by the trial of this cause relate to whether or not the rent should be diminished by reason of the condition of the defendant’s premises resulting from the negligence of the plaintiff, specific damage to items of personal property, and the claim of unfair or deceptive practices.
The trial judge made findings of fact, as follows:
“I find that the plaintiff so negligently maintained the second floor of the premises that vandals were able to regularly enter those premises and that the presence of such vandals and the damage which they did was not only foreseeable but was in fact known to the plaintiff and that their presence had the effect of diminishing the fair rental value of the defendant’s premises.
I find that rent should be diminished by $100.00 per month and fixed, therefore, at $415.00 per month.
The defendant has failed to establish any specific damage to his property.
*121 As to the case in chief, there is a finding for the plaintiff in the amount of $1758.50 which will be diminished by the amount of the defendant’s judgment in his first counterclaim.
First counterclaim - finding for the defendant (plaintiff in counterclaim) in the amount of $1850.00.
Second counterclaim - judgment for the plaintiff (defendant in counterclaim).
Third counterclaim - judgment for the plaintiff (defendant in 'counterclaim).
The plaintiff claims to be aggrieved by the court’s finding on the grounds that ‘‘[Ajssuming there is basis in law justifying diminution of rent due the lessor from the lessee of space used for commercial purposes: A. the court’s subsidiary findings of fact do not support the general findings for the defendant; and, B. there is no finding showing as to how vandalization of the second floor diminished the rental value of the defendant’s bakery shop on the first floor.”
Generally speaking, findings of fact made by the trial judge are not subject to review on appeal unless sufficiency of evidence at trial to warrant a finding is properly raised by requests for rulings of law directed to that issue. Harold’s Shoes, Inc. v. Palosky, 40 Mass. App. Dec. 172, 176 (1968). In other words, aclaim that evidence does not warrant a general finding for the adverse party can only be made by appropriate requests for rulings to that effect. Molinario v. Shannon, 31 Mass. App. Dec. 43, 47 (1967); McGlinchey v. Tomasello, 43 Mass. App. Dec. 206, 210 (1969).
The trial judge found that the plaintiff so negligently maintained the second floor of its premises that vandals were able to regularly enter therein and that the presence of the vandals and the damage which they did was not only foreseeable but was in fact known to the plaintiff. He further determined that their presence diminished the fair rental value of the defendants’ premises by $100.00 per month. This general finding is amply supported by the evidence and it imports a further finding of all subsidiary facts and the drawing of all rational inferences essential to support the general finding. Iacobucci & Montini v. Pinell, 33 Mass. App. Dec. 203, 207 (1968). Voluntary findings of fact by a trial judge are made merely to express the parties of the rationale of his decision and need not contain every subsidiary fact leading to the general finding. Such a general finding must stand unless so plainly wrong as to be reversible as a matter of law. Scott v. East Cambridge Savings Bank, 31 Mass. App. Dec. 32, 42 (1967). Certainly there is an implied undertaking on the part of the lessor that it will not interrupt the free and peaceable enjoyment of the lease by the leasee. Cummins Real Estate, Inc. v. Klayman, 48 Mass. App. Dec. 135, 139, 140 (1972). It is also well established that damages may be awarded a commercial tenant for loss of business, Connery v. Cass, 277 Mass. 545, 551 (1931); or for a breach of the convenant of quiet enjoyment, Charles E. Burt, Inc. v. Seven Grand Corp., 340 Mass. 124, 127 (1959); and Dyecraftsmen, Inc. v. Feinberg, 359 Mass. 485, 489 (1971). Consequently, we perceive of no error of law in the judge’s findings.
If the plaintiff s position is that there is some inconsistency among the findings, his remedy was to bring the inconsistency to the attention of the trial judge by a motion for a new trial or a motion to correct the inconsistency. Miles v. Lyons, 42 Mass. App. Dec. 77, 79 (1969); Warren Brothers Company v. Travi, 53 Mass. App. Dec. 141, 147 (1974).
In conclusion, we find no error in ar y of the actions by the trial judge. Accordingly the report is dismissed.