Johnson, J.
According to the written findings of fact made by the trial judge, the defendant made an oral contract with the plaintiff, a printing company, for the assembly and printing of an appellate brief and appendix. Both documents were printed by the plaintiff and submitted to the defendant for his use.
The plaintiff brought this action under a single count of breach of contract to collect payment for services rendered. The defendant proceeded pro se, answered the complaint, denied all allegations, and included several counterclaims which alleged abuse of process, malicious prosecution, violation of the Massachusetts Civil Rights Act and the Massachusetts Consumer Protection Act.
At trial, the plaintiff called only one witness, its bookkeeper, to introduce the relevant invoices and to explain the pricing schedule which pertained to the work performed for the defendant. After the plaintiff rested, the defendant presented one motion to strike and three motions to dismiss. The trial judge heard argument and denied each motion. The judge informed the defendant that he was treating each motion as a motion for a required finding. The defendant rested without presenting any evidence. The judge then allowed the defendant to renew the four motions. All four motions were again denied. The defendant filed no requests for rulings.
After reservation, the court made written findings of fact stating that the plaintiff submitted two invoices to the defendant: one each for the appendix and brief. The two invoices totaled five thousand, two hundred and eighty-six dollars and seven cents ($5,286.07). The court found that the plaintiff contacted the defendant in an effort to collect payment. After the plaintiff agreed to reduce one of the invoices, the defendant then paid five hundred dollars but did not make any additional payments.
The judge found that “[t]he defendant breached his contract with the plaintiff by not remitting the monies due upon receipt of the invoices” and entered judgment for the plaintiff in the amount of the unpaid balance: three thousand, nine-hundred and eighteen dollars and seventy-seven cents ($3,918.77), with interest from the date of demand on both invoices. The court found for the plaintiff on all counts of the defendant’s counterclaims. We find no error and affirm the decision of the trial judge.
The defendant brings this appeal on the record of proceedings pursuant to Rule 8C, Dist./Mun. Cts. R A D. A. No requests for rulings were submitted to the trial judge. The only issues before this Appellate Division are the issues of law raised by *12 the motion to strike and two motions to dismiss[1] brought at trial by the defendant. After review of these motions in light of findings of fact made by the trial judge, we find no error. Our analysis of the various arguments raised in the defendant’s motions for required findings are discussed below.
The defendant argued that the plaintiff had no standing to sue to collect this debt because a trustee had been appointed in the plaintiffs bankruptcy proceeding. There was no evidence of record that the plaintiffs financial affairs were ever taken over by a trustee. The plaintiffs bankruptcy proceeding was a reorganization pursuant to Chapter 11, Title 11 of the United States Bankruptcy Code, where the plaintiff continued to operate its affairs as a debtor in possession under 11 U.S.C. §1101(1).[2] Further, the plaintiffs reorganization plan was approved on February 4,1992, more than two years before the instant case was commenced in the Boston Municipal Court.
The defendant also asserted that this action is precluded by the “automatic stay” provision of 11 U.S.C. §362(a). This argument is also misplaced. With rare exceptions inapposite here, the automatic stay provision only prohibits the commencement or continuation of actions or proceedings “against the debtor.” 11 U.S.C. §362 (a) (1). “The purpose of the automatic stay ... is to protect the debtor and his creditors by allowing the debtor to organize his affairs, and by ensuring that the bankruptcy procedure may operate to provide an orderly resolution to all claims.” Pursifull v. Eakin, 814 F.2d 1501 (10th Cir. 1987) (emphasis added). The stay does not apply to actions brought “by the debtor which would inure to the benefit of the bankruptcy estate.” Carley Capital Group v. Fireman’s Fund Ins. Co., 889 F.2d 1126 (D.C. Cir. 1989), quoting Association of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446 (3rd Cir. 1982) (emphasis in original).
The defendant argued that plaintiff violated G.L.C. 231, §13B by including the money damages sought in the complaint. This argument has no merit. Section 13B allows a plaintiff to include a monetary amount sought in the complaint if those damages are “liquidated or ascertainable by calculation.” The plaintiffs request in the complaint for a judgment against the defendant “in the amount of Five Thousand, Eight Hundred Twenty Nine Dollars and Eighty Eight Cents ($5,829.88) with statutory interest at the rate of twelve percent (12%) running from July 20, 1994” was clearly a sum certain in light of the two invoices submitted with the com *13 plaint. There was no error in the denial of this motion.
Finally, defendant suggested that his oral agreement for the printing of his appendix and brief was unenforceable under G.L.C. 259, §1 (fifth), for failure to comply with the statute of frauds.[3]
This argument is a misreading of the statute of frauds. The requirement of a memorandum of an agreement “not to be performed within one year” does not apply to an oral contract that has the possibility of performance within one year of the date of making. Nickerson v. President and Fellows of Harvard College, 298 Mass. 484 (1937). An “agreement that is not to be performed within one year covers contracts whose performance cannot possibly be completed within a year.” Marble v. Town of Clinton, 298 Mass. 87, 89 (1937). WILLISTON, CONTRACTS §495, (3rd Ed. 1960). The findings of fact made by the court indicate that the oral contract between the parties here was fully performable within a year. The defendant’s obligation to pay for the plaintiffs services arose when they were furnished. See, Perkins School for the Blind v. Rate Setting Commission, 10 Mass. App. Ct. 656, 664 (1980). There was no error.
The plaintiff/appellee requests an award of one thousand dollars ($1,000.) pursuant to Mass. R. App. R, Rule 25, G.L.C. 211A, §15 and/or G.L.c. 231, §6F. This court has the power to impose sanctions on litigants who bring frivolous appeals. Rule 25, Dist./Mun. Cts. R. A. D. A. This appeal treads perilously close to the line where such costs might be deemed appropriate. K the same arguments advanced by the defendant on appeal had been advanced by a member of the bar, the imposition of court costs and the award of attorneys’ fees would be more compelling. On balance, however, given the defendant’s status as a pro se litigant, the court will not impose costs in this case.
The appeal is dismissed.

 The defendant submitted a fourth motion captioned “Motion to Dismiss (M.G.L.C. 93A [and] 15 USCA §1692),” alleging plaintiffs violation of the Massachusetts Consumer Protection Act and the federal Fair Debt Collection Act. No question of law is presented by such a motion. We note only that the factual basis of this “motion to dismiss” is similar to certain allegations made in the defendant’s counterclaims. As we noted above, the trial judge made a general finding for the plaintiff on all counts of the defendanfs counterclaims. A general finding of the court imports the finding of all rational inferences essential to support the finding. See, Iacobucci v. Pinnell, 33 Mass. App. Dec. 203, 207 (1976).

 A document entitled, “Statement of the United States Trustee” is included in the appendix of this appeal. We assume this document is included by the defendant to persuade this court that a trustee was appointed to manage the plaintiff’s financial affairs. This is incorrect. The Office of the United States Trustee is the name of the federal agency which oversees the administration of bankruptcy proceedings. 28 U.S.C. §586(a). It is part of the Department of Justice. Chapter 11 trustee’s are not automatically appointed by the U.S. Trustee at the inception of a case as the defendant suggests. Such appointments are only made by the Bankruptcy Court upon motion after notice and hearing pursuant to 11 U.S.C. §1104(a). Thus, the mere production of this “Statement” is not indicative that a trustee was operating the plaintiff’s business.

 The Massachusetts statute of frauds, G.L.C. 259, §1 (fifth), states, in pertinent part, “No action shall be brought [u]pon an agreement that is not to be performed within one year from the making thereof unless the promise, contract or agreement ... is in writing and signed by the party to be charged therewith.”