*Municipal Court of the City of Boston*
No. 348248
MIDDLESEX BROADCASTING CORP.
v.
MICHAEL S. ABOURJAILY
(June 26, 1953)

*Adlow, J.* Action of contract to recover from the defendant a balance of $581.00 on an account

for radio time and broadcasting services. The defendant admits that the balance is due, but in setoff has declared for $2,050.80, allegedly due on the basis of an agreement to allow him a commission of 15% on all business brought to the plaintiff radio station by him.

At the trial there was evidence offered by the defendant tending to prove that

(1) In 1948 he was in business as a radio advertiser and advertising agency; that in April of 1948 he spoke to Paul Perrault, manager of the plaintiff's radio station, and that Perrault told him that if he continued his broadcasts for 52 consecutive weeks he would be recognized as an advertising agency and would be entitled to a 15% commission on business placed by him.

(2) The defendant continued his radio program for four years, has brought to the plaintiff's radio station $12,388.70 in business, and is entitled to a commission of 15% on said sum.

The defendant further testified that when he asked Perrault for the commission he was told that business was bad and that he would get it later. There was evidence to the effect that Perrault terminated his employment as manager while the defendant was doing business with the plaintiff and that since his departure several different men have managed the plaintiff's radio station. Of these managers the most recent was a Mr. Bailey. The defendant testified that during a conversation with Bailey in January of 1952, when Bailey discussed with him an increase in rates, Bailey promised him the 15% commission if he would go along with the increased rates.

The plaintiff called as a witness the afore-mentioned Bailey who denied the conversation alleged by the defendant to have taken place in January of 1952. Aside from this the plaintiff's bookkeeper testified that over the four year period covered by the defendant's dealings with the plaintiff no claim for commission was ever made, nor did the records of the firm or the account of the defendant indicate

that any commission was to be paid on account of same. She further testified that all accounts on which commissions were payable and due to a recognized advertising agency carried a notation of said fact on the books.

At the close of the evidence the defendant asked the court to rule that the evidence warranted a finding in support of his claim in setoff. The court so ruled.

The other rulings filed by the defendant in effect requested the court to rule that the evidence required a finding for the plaintiff in setoff. The court denied these and found for the plaintiff in the original action and for the defendant in setoff in the action in setoff. Being aggrieved by the refusal of the court to rule as requested, the defendant brings this report.

There was no error in so ruling. Notwithstanding the absence of Perrault, there was considerable evidence which bore directly on the probability of the truth of the defendant's testimony. The court could hardly ignore a course of business dealings running over a period of four years during which time no serious attempt was made by the defendant to collect or even to claim the commission allegedly due to him. Above all, there was the express denial of the witness Bailey with respect to the defendant's testimony concerning a conference in January, 1952. In short, the court in refusing to accept the defendant's version of the entire situation was not disregarding uncontroverted evidence, but evidence which in the setting of the entire record appeared quite questionable.

The defendant loses sight of the fact that the evidence may warrant a finding without requiring one. Even though the plaintiff did not have the evidence of Perrault to deny the defendant's claim of an original arrangement to pay a commission, the court was under no obligation to accept the defendant's version of the original arrangement. The court is not required to believe testimony even though it is uncontradicted. *Devine v. Murphy*, 168

Mass. 249; *Lindenbaum v. N.Y. N.H. & H.RR.*, 197 Mass. 314, 323; *Topjian v. Boston Casing Co.*, 288 Mass. 167, 168.

There was no error in refusing to rule that the evidence required a finding for the plaintiff in setoff. *Report dismissed.*

Cohen & Tucker, for the plaintiff.

S. M. Kalemian, Arthur C. McCarthy, for the defendant.