*Northern District*

No. 7623

## JOANNE THIBAULT-ROYER, ET AL

v.

## ALBERT A. BORRELLI

Argued: Oct. 21, 1971 - Decided: ————

*Present:* Parker, P.J., Durkin, Mason, JJ.

Case tried to *Cullen, J.* in the Lawrence District Court, No. 1530 of 1969.

**Durkin, J.** This is an action of tort for negligence, brought and tried in the District Court.

A cross-action brought by the defendant in

the Essex Superior Court was remanded to the same District Court under provisions of G.L. c. 231, § 102C. The cases were tried together, resulting in findings for each of the two plaintiffs in this action and for the defendant in his remanded cross-action.

Following notice of the findings the defendant herein, plaintiff in the remanded cross-action, seasonably requested a retransfer of his plaintiff's case to the Superior Court under G.L. c. 231, § 102C, and requested also transfer to the Superior Court of the case with which we are concerned here.

Following a hearing, and over the objection of the plaintiffs herein, this action also was ordered to be transferred to the Superior Court. The report to this Court brings to us as the sole issue, so treated by the parties and by the judge of the District Court, whose report this is, of the propriety of his action in ordering the transfer, i.e., "whether the agreement of counsel and request of counsel that these cases be tried together effected a consolidation or a fusion of the cases of *Joanne Thibault-Royer, et al* v. *Albert A. Borrelli* and *Albert A. Borrelli* v. *Joanne Thibault-Royer* without a formal motion."

The report, so far as material, contained the following:

The above case was tried together with a cross-action the case of *Albert A. Borrelli* v. *Joanne Thibault* (Joanne Thibault Royer at

the time of trial), number R-1895 of 1970, a case remanded from the Essex Superior Court. There was no formal motion to consolidate these two cases prior to or during the trial. But by prior agreement of all counsel of record, the two cases were tried together on January 7, 1971.

It is agreed by counsel that the sole issue raised by this report is whether the agreement of counsel and request of counsel that these cases be tried together affected a consolidation or a fusion of the cases of *Joanne Thibault Royer, et al* v. *Albert A. Borrelli* and *Albert A. Borrelli* v. *Joanne Thibault Royer* without a formal motion.

We do not agree with the defendant's contention that the cases were consolidated or fused so that the defendant had the right to a transfer of this District Court action together with the retransfer to the Superior Court of the remanded case in which he was plaintiff.

The record does not bear out the truth of such a contention. All that it does indicate from the report is that, without any formal action but by two letters referred to therein, the cases were arranged to be tried together. No mention of any request or order for consolidation nor any action therein appears in the report. The two letters referred to therein refer only to a trial date and to a continuance to a later date for trial.

Trial of cases together and consolidation of

cases resulting in fusion thereof are not synonymous concepts.

A distinction exists between true consolidation of cases and their trial together for convenience, in that in true consolidation several actions are combined into one, losing their separate identity and becoming a single action in which a single judgment is rendered, whereas if they are simply tried together for convenience or, as it is sometimes said, "consolidated for trial", they do not merge into one but each remains separate in all procedural matters other than the joint trial. *McKinney* v. *Greenville Ice & Fuel Co.,* 232 S.C. 257.

In discussing the methods by which cases may be consolidated, the Court said: "Where several causes are pending between the same or different parties which grow out of a single transaction or which involve an inquiry into the same event in its general aspects, although the details of evidence may vary materially in fixing responsibility, the court may order them tried together. But they continue separate so far as concerns docket entries, verdicts, judgments and all aspects save only the one of joint trial. This is a frequent practice, and finds many illustrations in our decisions." *Lumiansky* v. *Tessier,* 213 Mass. 182, 188.

We are of the opinion that upon the facts the case falls within the second class of cases cited above involving only a consolidation for purposes of trial, but without the parties in

one suit having become parties in the other, *Lumiansky* v. *Tessier, supra.*

We perceive in the record no facts sufficient to warrant an inference by the trial judge, if indeed he drew such an inference, that it was in fact a consolidation. Such a conclusion could be the result only of conjecture or surmise.

It may seriously be questioned whether, even if there had been a consolidation by reason of action of the trial judge or by reason of conduct of the parties in so treating the cases, as to which we could only speculate, there existed with the judge of the District Court the power to order the transfer. G.L. c. 231, § 102C provides for the retransfer procedure applicable to unremanded cases where they have been consolidated. G.L. c. 223, § 2A. We can read in the statute no additional circumstances under which a case originating in a District Court can be engrafted upon a remanded case for the purpose of transfer to the Superior Court for a second trial upon the merits. We do not assume that the purpose of the remand statute, to alleviate congestion in the Superior Court, is best served by extending the scope of the retransfer procedure to cases brought in a District Court. By the precise wording of the statute, there would have been a right to transfer this action if consolidation had been sought by the parties and ordered by the Appellate Division under

G.L. c. 223, § 2A. This was not done, and cannot be accomplished retrospectively.

The words in the transfer statute make the intention clear. "Such action (the cross-action) while pending in the District Court may be consolidated for trial with cross-actions as provided in section two A of chapter two hundred and twenty-three." § 2A of G.L. c. 223 permits consolidation by order of the Appellate Division of a District Court, and then "for the purpose of trial together in any district court to be designated in the order." We perceive in this language no legislative intent to extend the scope of Section 1020 of G.L. c. 231 with or without the aid of Section 2A of G.L. c. 223. The report discloses that there was no motion for consolidation presented to the trial judge and no order for consolidation was entered in these cases.

"The guiding principle for the interpretation of a statute is that it must be construed, if reasonably possible, so as to effectuate the purpose of the framers, ascertained from its several parts and the meaning fairly attributable to all its words, considered in connection with the cause of its enactment, the subject to which it is applicable, the pre-existing state of the common and statutory law, the mischief to be remedied and the object to be accomplished. It must be interpreted as enacted. Its omissions cannot be supplied and its excrescences cannot be cut out by the judicial de-

partment of government. The court can only interpret according to the common and approved usages of the language the words used, without enlargement or restriction and without regard to its own conceptions of expediency." *Commonwealth* v. *S.S. Kresge Co.*, 267 Mass. 145, 148.

"A statute cannot be extended by construction or enlargement beyond its fair import. If it does not reasonably include a right of action, none can be implied. The argument of hardship or unintentional omission is not enough. This is the common rule of statutory construction." *Martinelli* v. *Burke*, 298 Mass. 390, 392.

We are bound to construe the statute according to the principles discussed above, notwithstanding that the retransferred case may, by reason of our decision, be confronted with the defense of res judicata.

The result is that the action of the judge of the District Court was not warranted, either by the factual situation as disclosed by the record or by the law upon which the power to transfer must depend.

Our order is, therefore, that the case is remanded to the Lawrence District Court where the order for transfer to the Superior Court is vacated, and judgment shall be entered for the plaintiffs.

*The reporter was not supplied with names of counsel.*