SCHOOL COMMITTEE OF MEDFORD *vs.* LABOR RELATIONS
COMMISSION & others.[1]

Middlesex.    June 13, 1979. — July 19, 1979.

Present: GOODMAN, GREANEY, & KASS, JJ.

*School and School Committee,* Collective bargaining, Group insur-
ance. *Labor,* Collective bargaining. *Municipal Corporations,* Collec-
tive bargaining, Group insurance, Allocation of insurance
premiums.

A school committee was required to bargain collectively with school
department employees about a demand for more than a fifty per-
cent contribution to group health and life insurance premiums even
though the city had not accepted the provisions of G. L. c. 32B,
§ 7A. [140-142]

CIVIL ACTION commenced in the Superior Court on
December 9, 1977.

Motions for summary judgment were heard by *Doer-
fer,* J.

The case was submitted on briefs.

*George K. Kurker* for the plaintiff.

*Jean Strauten Driscoll & David P. Grunebaum* for the
Labor Relations Commission.

*Mark G. Kaplan & Richard L. Alfred* for the interven-
ers.

KASS, J. Recently in *School Comm. of Holyoke* v. *Du-
prey, ante* 58 (1979), we held that it was beyond the author-

---

[1] Medford Public Schools Custodians Association and Medford Edu-
cational Secretaries Association.

ity of an arbitrator to award teachers more than fifty per-
cent of their cost of health insurance in a case where the
municipality had not accepted the provisions of G. L.
c. 32B, § 7A, as amended through St. 1973, c. 789, § 1. The
instant case raises a related issue: If a city or town has not
accepted § 7A (the text of which is set forth in the mar-
gin),[2] may a school committee refuse to bargain collective-
ly with school department employees about a demand for
more than a fifty percent contribution to group health
and life insurance premiums?

Acting on cross motions for summary judgment, a Su-
perior Court judge entered judgment ordering the school
committee of Medford (the school committee) to bargain
about levels of insurance premium contributions without
regard to the fifty percent ceiling imposed by G. L. c. 32B,
§ 7. We think the judge was right and affirm his judg-
ment. The matter came for review before the Superior
Court under G. L. c. 30A, § 14, of an order of the Labor
Relations Commission (commission) which required col-
lective bargaining about the insurance premium issue.[3]

Health and life insurance benefits are within the statu-
tory category of "wages, hours . . . and . . . other terms and
conditions of employment" which G. L. c. 150E, § 6, in-
serted by St. 1973, c. 1078, § 2, makes the subject of man-
datory collective bargaining between public employers
and public employees. See *Kerrigan* v. *Boston*, 361 Mass.

---

[2] Section 7A of c. 32B provides, in pertinent part: "A governmental
unit which . . . accepts the provisions of this section may, as a part of
the total monthly cost of contracts of insurance authorized by sections
three and eleven C, with contributions as required by section seven,
make payment of a subsidiary or additional rate which may be lower
or higher than a premium determined by the governmental unit to be
*paid* by the insured, the combination of which shall result in the
governmental unit making payment of more, but not less, than fifty
per cent of the total monthly cost for such insurance. No governmen-
tal unit, however, shall provide different subsidiary or additional rates
to any group or class within that unit."

[3] The commission counterclaimed, pursuant to G. L. c. 150E, § 11,
for enforcement of its order to the school committee.

24, 27-28 (1972), a case decided before G. L. c. 150E, § 6, was enacted but bearing on the scope of the phrase "wages, hours, and other terms and conditions of employment" and variations of that formulation. See also *Brooks v. School Comm. of Gloucester*, 5 Mass. App. Ct. 158, 160 (1977). It is the position of the school committee that G. L. c. 32B, § 7,[4] because it proscribes contributions in excess of fifty percent (unless § 7A is accepted), overrides the command of G. L. c. 150E, §§ 6 and 10, to bargain collectively. Since it is powerless to pay for more than fifty percent of insurance premiums, the argument proceeds, the school committee is without authority to bargain with its employees about the subject.

The school committee confuses a hurdle with a barrier. While the school committee cannot agree unconditionally to pay more than fifty percent, it is perfectly free to talk about the subject in a labor negotiation. Pressures for the acceptance of § 7A are likely to emanate from bargaining sessions with municipal, county, or State employees, and whether a governmental unit shall bear that additional cost is a sensible and lawful item for a collective bargaining agenda. One may bargain about terms which will be of no effect unless confirmed by a legislative body.[5] See *Labor Relations Commn.* v. *Selectmen of Dracut*, 374 Mass. 619, 624-625 (1978). Compare *Brooks* v.

---

[4] Section 7 of c. 32B, as amended through St. 1965, c. 841, § 4, provides in pertinent part: "(a) With respect to any period of insurance which is in effect for an active or retired employee and dependent there shall be withheld from each payment of salary, wages, other compensation, pension or retirement allowance, subject to the provisions of section nine A, fifty per cent of the premium for the insurance of the employee and his dependents and the governmental unit shall contribute the remaining fifty per cent of such premium."

[5] Under G. L. c. 32B, § 10, as amended through St. 1975, c. 806, § 18, the acceptance of § 7A is within the authority of the registered voters in the case of a town; of the town council in a municipality which has the town council form of government; of the city council in the case of a city. Acceptance procedures for other kinds of governmental units (e.g., a veterans' services district) are also spelled out in § 10.

*School Comm. of Gloucester*, 5 Mass. App. Ct. at 160 n.4, in which we made the observation that the fact that later action will be required will "tend to make bargaining on that issue atypical and more difficult." But it is not impossible. Contracts with conditional clauses are not beyond the skill of the draftsmen of collective bargaining agreements. The commission correctly observed in its opinion in the instant case that if a bargaining agent for a governmental unit agrees to a contract calling for insurance contributions in excess of fifty percent, and the governmental unit then declines to adopt G. L. c. 32B, § 7A, "section 7(d) of G. L. c. 150E provides the mechanism for resolution of the issue. If the negotiated provision were in conflict with applicable statutory law, the offending provision would be a nullity."[6] Section 7(*d*) of c. 150E itemizes particular statutory provisions over which conflicting terms of a collective bargaining agreement will prevail. No provision of c. 32B appears in this subordinate category.

*Judgment affirmed.*

---

[6] We do not agree with the commission that a bargaining agent, such as a school committee, if it agrees to a contribution rate in excess of fifty percent, has an obligation, as a consequence, to take affirmative steps to attempt to secure adoption of G. L. c. 32B, § 7A, by the responsible governmental unit. It is, of course, open to the parties to agree that the bargaining agent shall use its best efforts to secure adoption of § 7A, provided it is understood that the bargaining agent incurs no liability if its efforts prove unavailing. See *School Commn. of Holyoke* v. *Duprey, ante* 58, 65 n.6 (1979).