Black, J.
This is a contract action commenced March 10, 1982 by the plaintiff, Deborah Baker, against the defendant, Michael E. Tokarz, wherein she seeks to recover damages for the defendant’s alleged breach of an oral contract to install wooden kitchen cabinets. The complaint alleged that the defendant had failed and neglected to perform all of the work called for by the contract and that other work had been performed in an unworkmanlike manner with numerous defects and not in conformity with the specifications and standards agreed upon by the parties. The defendant denied the existence of any contract and each and every allegation in the complaint.
At trial, there was evidence tending to show that the plaintiff hired the defendant to perform various carpentry work in her home (47 Kevington Road, Norton, Massachusetts) at the rate of $8.00 per hour. Thereafter, the defendant worked at the plaintiff’s home for approximatelyfive (5) weeks and was paid at the agreed upon hourly rate. The defendant failed to complete the work and the job was never completed by the defendant. It remained at this state for at least eighteen (18) months. No requests for rulings were submitted by the defendant.
Predicated upon this evidence, the trial judge found that there was a legally binding and enforceable contract between the plaintiff and the defendant and that the defendant had breached the agreement.
It is well established that findings of fact made by the trial judge are not subject to review on appeal unless the sufficiency of evidence at trial to warrant a finding is properly raised by a request for rulings of law directed to that issue. Harold's Shoes, Inc. v. Palosky, 40 Mass. App. Dec. 172, 176 (1968). In short, an assertion that evidence does not warrant a general finding for the adverse party can only be made by appropriate request for findings to that effect. Molinario v. Shannon, 31 Mass. App. Dec. 43, 47 (1967); McGlinchey v. Tomasello, 43 Mass. App. Dec. 206, 210 (1969).
The trial judge found that the parties had entered a legally binding and enforceable contract which had been breached by the defendant. This general finding is amply supported by the brief summary of the evidence and it imports a further finding of all subsidiary facts and the drawing of all rational inferences essential to support the general finding. Iacobucci & Martini v. Pinell, 33 Mass. App. Dec. 203, 207 (1968). Voluntary findings of fact by a trial judge are merely to express to the parties the rationale of his decision and need not contain every subsidiary fact leading to the general finding. Such a general finding must stand unless so plainly wrong as to be reversible as a matter of law. Scott v. East Cambridge Savings Bank, 31 Mass. App. Dec. 32, 42 (1967). Stated a little differently, findings of fact by the trial judge, as such, are not reversible by the Appellate Division and will be sustained unless as a matter of law they cannot be supported upon a reasonable view of the evidence. Eastern Electrical Co. v. Martin, 52 Mass. App. Dec. 41, 48 (1973). We perceive of no error of law in the judge’s findings.
Accordingly, the report is dismissed.