Jodrey, J.
This is an action in contract in which the plaintiff seeks to recover an alleged $50,000.00 due, plus eighteen (18%) interest per annum, on a demand promissory note signed by the defendants on September 16,1983.
The plaintiff filed a Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment. The allegations contained in the plaintiffs complaint and Rule 56 supporting affidavits maybe summarized as follows: Defendant William Moore is the President of Tech Weld Corporation which subcontracted to furnish labor and materials and to manufacture certain steel tank units for the plaintiff as required under the latter’s general contract with the United States Army. According to the plaintiff, defendant Moore approached plaintiffs Chief Executive Officer, Harley W. Waite, Jr., in September, 1983 to request a $50,000.00 loan to meet the next Tech Weld weekly payroll. The plaintiff allegedly agreed to extend a loan to Tech Weld “upon the express condition that the money would be loaned to William Moore and his wife [co-defendant Vera I. Moore] as well as to Tech Weld, and that William Moore and his wife would be personally liable for its repayment and would execute a demand promissory note for the same in their personal capacities....” A promissory note, which initially recites “ [f]or Value received, The Tech Weld Corporation and William Moore and Vera Ilinia Moore, jointly and severally promise to pay Eastern Tank. ..,” was signed by the defendants on September 16, 1983.
Plaintiff served a written demand for payment on the defendants on March 14,1984, and thereafter instituted the present suit in the Salem Division of the District Court Department on June 14, 1984. Prior to its written demand, however, the plaintiff had filed a complaint against Tech Weld Corporation on *59 January 9,1984 in the Haverhill Division of the District Court Department. The plaintiffs Haverhill complaint contained a specific claim against Tech Weld for $50,000.00 pursuant to both a September 16, 1983 Agreement between the parties and a demand promissory note simultaneously executed, as alleged by the plaintiff, by Tech Weld.
In their answer filed in the Salem Division, the defendants denied execution of, and personal liability under, the promissory note in question and alleged that they had signed said note solely as guarantors of the obligations of Tech' Weld as expressly provided in an Agreement signed by the parties on September 16,1983. The defendants further alleged the following affirmative defenses: accord and satisfaction; discharge; set-off; lack of consideration; waiver; estoppel and misrepresentation.
Several affidavits were also submitted by the defendants and by Tech Weld Chief Financial Officer, Wallace C. Latour, in opposition to the plaintiffs Rule 56 summaryjudgment motion. The averments contained therein indicate that the $50,000.00 in question was not sought by Tech Weld to meet a payroll, but instead obtained in order to procure certain materials required under Tech Weld’s subcontract with the plaintiff. It was also understood and intended by the parties, as provided in their written loan Agreement, that the individual defendants would sign a promissory note solely as guarantors, and that the indebtedness in question would be paid by Tech Weld in the course of its ongoing contractual relationship with the plaintiff.
The loan Agreement executed by both parties on September 16,1983 in fact states, inter alia:
Whereas, the Tech Weld Corporation requires certain working capital funds in the amount of Fifty Thousand ($50,000.00) Dollars and 00/00 to be used for the manufacture and delivery of said tanks to Eastern Tank of Peabody, Inc. ...
[T]he parties hereto agree as follows: 1. That Eastern Tank of Peabody, Inc. lend to the Tech Weld Corporation and William and Vera Ilinia Moore the sum of Fifty Thousand ($50,000.00) Dollars. .. .
That said sum be secured by a promissory note....
That said note bear the personal guarantees of William Moore and Vera Ilinia Moore.. ..
As security for said promissory note the Tech Weld Corporation shall memo bill Eastern Tank of Peabody, Inc. for the next seven (7) tanks to be delivered indicating that the same have been paid in full.
That upon repayment of the principal sum of said note the above referenced billing memo shall become null and void.
Exhibits appended to affidavits offered by the defendants establish that such “memo billing” was effected in the form of three Tech Weld invoices, totaling $58,815.17, for miscellaneous parts and one steel tank delivered to the plaintiff in October and November, 1983.
Supplemental affidavits submitted by the defendants and Wallace C. Latour further suggest that Tech Weld shipped quantities of stainless steel valued in *60 excess of $100,000.00 to the plaintiff in the fall of 1983 which was understood by both parties to constitute a “pay down” on the promissory note and other indebtedness. Tech Weld also delivered certain supplies and materials, and performed additional work beyond the requirements of its subcontract, with resulting, total invoices to the plaintiff of $131,853.40. The defendants averred that in view of these and other unpaid obligations, both the plaintiff and Tech Weld agreed to suspend any reconciliation of their accounts, including the promissory note in question, until the completion of subcontract work in December, 1983 and to tender full settlement of their mutual indebtedness at that time. Final reconciliation was precluded by the plaintiffs commencement of suit against Tech Weld on January 9, 1984 in the Haverhill Division of the District Court Department.
The trial justice ruled that “after consideration of the relevant pleadings, affidavits and memoranda,. .. there is no genuine issue of material fact and the plaintiff Eastern Tank, Inc. is entitled to judgment in its favor against each of the defendants. . . .” The defendants are presently before this Division on a charge of error in the trial court’s entry of this summary judgment for the plaintiff.
1. Contrary to the plaintiffs preliminary contention, the defendants’ draft report herein was timely filed pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (1) (ii). A few calendar and time computations are in order.
Summary judgment was entered herein on May 29,1985. The defendants thereafter filed a timely, post-judgment motion on June 7, 1985 which we deem to have tolled the running of the initial ten day, draft report filing period. See Rule 64 (c) (1) (iii); Gordon v. Pantos Canvas Corp., 1983 Mass. App. Div. 26, 27; Cardiff v. Dalpe, 1982 Mass. App. Div. 43, 43-44. As the defendants’ post-judgment motion was subsequently denied on June 19,1985, the initial, ten day filing period prescribed in Rule 64 (c) (1) (ii) commenced anew on June 20, 1985. See Rule 6 (a); Tuttle v. Boston, 215 Mass. 57, 60 (1913). The calendar expiration date of this period then fell on Saturday, June 29,1985. Pursuant to Dist./Mun. Cts. R. Civ. P., Rule 6 (a), however, “the last day of the period so computed shall be included unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or a legal holiday.” See also, G.L. c.4, §9; Grant v. Pizzaro, 264 Mass. 475, 477 (1928). The first, ten day draft report filing period applicable herein thus expired on Monday, July 1,1985.
Rule 64 (c) (1) (ii) provides that “[u]pon a showing of excusable neglect, the trial court may extend the time for filing draft reports by any part for a period not to exceed 10 days from the expiration of the time otherwise prescribed by this rule.” See, e.g., Ho Lo Trailer Co. v. Wright, 1980 Mass. App. Div. 188, 189 and cases cited. The second ten day or extension period for the submission of a draft report herein commenced on Tuesday, July 2, 1985 and expired on Thursday, July 11,1985. The defendants’ request for a report and draft report were in fact filed on July 11, 1985, the last day of the second or extended period.
2. Given the defendants’ seasonable claim of appeal in compliance with Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (1) (ii), no procedural obstacle remains to a substantive consideration of the trial court’s entry of summaryjudgment for the plaintiff. The focus of such consideration may be reduced to the familiar *61 Rule 56 issues; namely, whether the plaintiff has established that there are no material questions of fact in this case and that it is thus entitled to judgment as a matter of law. Community National Bank v. Dawes, 369 Mass. 550, 553, (1976). All pleadings, affidavits and other supporting materials must be viewed in the light most favorable to the defendants, who oppose the plaintiffs Rule 56 motion, to determine whether any of the facts or inferences contained therein present a genuine issue requiring a trial on the merits. Stetson v. Board of Selectmen of Carlisle, 369 Mass. 755, 763 (1976); Hub Associates, Inc. v. Goode, 357 Mass. 449, 451 (1970).
The plaintiffs submission of the promissory note in question, which bears the undisputedly genuine signatures of the defendants, established a prima facie case for recovery herein. Loew v. Minasian, 361 Mass. 390, 391 (1972); Weinstein v. Steigman, 1983 Mass. App. Div. 288. The pleadings and affidavits marshalled by the defendants in opposition to such prima facie case are replete, however, with unresolved questions of fact central to this controversy over the continuing indebtedness of the individual defendants and the contractual interactions between the plaintiff and Tech Weld. Factual issues inherent in this case as, for example, to the possibility of an accord and satisfaction herein or of an actual full or partial payment by Tech Weld, Goodyear Serv. Stores v. Gustofson, 6 Mass. App. Dec. 8 (1958); or of a subsequent, oral modification of the payment terms of the parties’ agreement, Capitol Bank & Trust Co. v. Pre-Schools, Inc., 10 Mass. App. Ct. 907 (1980) all require further, evidentiary exploration beyond the scope of the pleadings. See, as to Rule 56 standard, Quincy Mutual Fire Ins. Co. v. Abernathy, 393 Mass. 81, 87 (1984). Despite the plaintiffs competent analysis of Uniform Commercial Code provisions, there remain genuine issues of material fact herein. Accordingly, a trial on the merits is required. The lower court’s summary judgment for the plaintiff must be vacated; and the plaintiffs Rule 56 motion must be denied.
3. With respect to a forum for this trial, we note that the defendants filed on May 1, 1985 a Dist./Mun. Cts. R. Civ. P., Rule 2 (a) motion to consolidate this case for trial with the plaintiffs prior action against Tech Weld pending in the Haverhill Division of the District Court Department. Rule 42(a) states, in relevant part:
a party who moves for the consolidation and trial together of.. ■ two or more actions.. . arising out of or connected with the same accident, event or transaction, pending in more than one District Court, shall file the original copy of his motion in any such court. .. . The party making such motion shall annex thereto a certificate stating the time and place of filing such motion, the names and addresses of all interested parties, and showing that he has given such notices.... The said motion and certificate shall then be forwarded forthwith by the clerk to the ... Appellate Division ... (emphasis supplied).
The defendants’ Rule 42 (a) motion was submitted in Salem subsequent to the plaintiffs filing of its summary judgment motion, but prior to both the trial court’s Rule 56 hearing and its entry of judgment for the plaintiff.[2] A trial justice enjoys no authority to entertain or dispose of a Rule 42 (a) motion to consolidate actions pending in different, district courts. See, generally, *62 Checker Taxi Co. v. Scope, 49 Mass. App. Dec. 128, 133 (1972); Thebault-Royer v. Borrelli, 49 Mass. App. Dec. 134, 138-139 (1972). The defendants Rule 42 (a) motion should, therefore, have been forthwith forwarded to this Division, as mandated by the Rule, before any further proceedings were conducted in the trial court.[3]
Our review of the case papers on file both in the instant action and the plaintiffs Haverhill Division claim against Tech Weld Corp. compels the conclusion that these two suits arise out of the same transaction or events, involve the same parties and entail common, dispositive questions of fact and law. Accordinlgy, in the interests of judicial economy and of conserving the time and resources of the litigants, we hereby consolidate this case, Salem Division No. 18566, with the case of Eastern Tank of Peabody, Inc. v. Tech Weld Corp., No. 840030, now pending in the Haverhill Division. These cases, as consolidated pursuant to Rule 42 (a), are to be tried in the Haverhill Division.
4. Summary judgment for the plaintiff is hereby vacated, and it is ordered that an entry be made denying the plaintiffs Rule 56 motion. This case is remanded to the Salem Division for the preparation and transmission to the Haverhill Division of all documents required by Rule 42(a).

 After finding for the plaintiff, the trial justice ruled that the defendants’ consolidation motion was ‘ “moot”

 The authority to consolidate cases pending in more than one Division of the District Court Department pursuant to Dist./Mun. Cts. R. Civ. R, Rule 42 (a) has been delegated to the Appellate Division by the Chief Justice of the District Court Department. See G.L. c. 223, § 2A, as amended by St. 1985, c. 221; and G.L. c. 21 IB, § 10.