Sherman, PJ.
This is an action in two counts which allege that the defendant’s failure to provide services and materials in the renovation of the plaintiff s property, for which the defendant was paid, constituted a breach of contract and unfair and deceptive practices in violation of G.Lc. 93A entitling the plaintiffs to actual and punitive damages, attorney’s fees and costs.
The defendant filed a Dist/Mun. Cts. R. Civ. P., Rule 12(b) (6) motion to dismiss on the grounds that he never entered into a contract with the plaintiffs to provide the labor and materials in question; that he had instead served as a subcontractor to Taft & Sons Custom Carpentry ("Taft”), the general contractor for the plaintiffs’ project; that payments received by the defendant were made by Taft; and that any cause of action tiie plaintiffs might have would lie exclusively againstTaft, and not against the defendant. Taft is not a party to this action.
The plaintiffs filed written opposition to the defendant’s dismissal motion and an affidavit of plaintiff Harold Weber. These documents, together with the plaintiffs’ complaint and defendant’s motion, indicate the following; The plaintiffs, Harold and Constance Weber, are the owners of an apartment building located at 10 North Bow Street, Milford, Massachusetts. Attached to their complaint is a document entitled *79 “Proposal”whichtiieplaintiffsclaimis the contractenteredinto betweenthemandthe defendant, David Cenedella. The Proposal is a Cenedella & Sons form, dated January 6,1986 and signed by the defendant, which specifies certain carpeting and flooring work and materials to be supplied at “10 No. Bow Street” for aprice of $14,940.00. The Proposal form contains “Proposal Submitted To” and “Architect” blocks which were completed as follows:
Proposal Submitted to: Taft & Sons Custom Carpentry 64 Fruit Street Milford, MA. 01757
Architect: And Owners: Taft & Sons.
Below the defendant’s signature at the bottom of the document is an “Acceptance of Proposal” block which was signed on January 10, 1986 by “Rebecca Weber Bouchard, Weber Property Management”
In his affidavit, plaintiff Harold Weber avers that Rebecca Weber Bouchard, the plaintiffs’ daughter, was an employee of Weber Property Management who signed the “Acceptance of Proposal” for the plaintiffs as their duly authorized agent. The defendant alleges in his dismissal motion that he never submitted his Proposal to the plaintiffs for their acceptance, but instead submitted it to the general contractor, Taft
With respect to the issue of payment, the plaintiffs complaint alleges that the Proposal was subsequently modified by eliminating certain work which reduced the contract price to $9,006.00; that the defendant was paid; and that the defendant then refused either to perform the services and deliver the materials specified in the contract or refund payments made to him. In support of their c. 93A claim, the plaintiffs further allege that they demanded contract performance by the defendant, who refused to perform unless paid “an additional $10,000.00”; and thatthe defendant purchased certain contract materials upon receipt of an initial payment by the plaintiffs and then returned such materials to the manufacturer for a refund.
In support of his contrary argument that all payments were made by the general contractor, Taft, the defendant attached copies of two checks as exhibits to his Rule 12(b) (6) motion. These checks, dated February 18 and March 24,1986 in the amounts of $8,000.00 and $4,742.81, respectively, were payable by Taft and Sons Custom Carpentry to the defendant on account of the “No. Bow Street Job.”
The trial court allowed the defendant’s Rule 12(b) (6) motion, and a judgment of dismissal was entered. The plaintiffs thereafter claimed this appeal.
1. It is essential to note initially that materials outside the pleadings, including exhibits and an affidavit, were submitted for the court’s consideration in ruling on the defendant’s dismissal motion herein. Rule 12(b) of the Dist./Mun. Cts. R. Civ. P. expressly mandates that a Rule 12 (b) (6) motion to dismiss for failure to state a claim upon which relief can be granted shall be treated as a Rule 56 motion for summary judgment if matters outside the pleadings are presented to and not excluded by the court.[3] It is clear from his inclusion of the parties’ exhibits, affidavits and other materials in the report to this Division that the trial judge did not exclude such additional materials in ruling on the defendant’s motion. The trial court’s allowance of the defendant’s Rule 12 (b) (6) dismissal motion must, therefore, be reviewed as an entry of summary judgment for the defendant. Cousineau v. Laramee, 388 Mass. 859, 860 n.2 (1983); Mongeau v. Boutelle, 10 Mass. App. Ct. 246, 247 (1980).
*80 In so doing, we are cognizant of that portion of Rule 12 which obligates a trial judge to announce his intention to treat a dismissal motion as one for summary judgment, and to afford the parties an opportunity to present material pertinent to a Rule 56 inquiry. Where as in the instant case, both parties have submitted materials outside the pleadings and all necessary information is before the court, a trial judge’s failure expressly to notify the parties of his intention to proceed under Rule 56 is not controlling. See White v. Peabody Construc. Co., 386 Mass. 121 (1982); Davidson v. Commonwealth, 8 Mass. App. Ct. 141, 542 n.2 (1982). Moreover, the submission by both parties herein of additional materials should have served as constructive notice to them that the court would be required either to treat defendant’s dismissal motion as one for summary judgment Stop & Shop Co. v. Fisher, 387 Mass. 889, 892 (1983), or to exclude their submissions.
2. Summary judgment pursuant to Rule 56 makes possible the expeditious disposition of litigation on the merits without a trial only if there is no real dispute as to the salient facts of a controversy, Cassesso v. Commissioner of Correction, 330 Mass. 419, 422 (1983), and if one party is entitled to judgment as a matter of law. Dolloff v. School Comm. of Methuen, 9 Mass. App. Ct. 502, 505 (1980). In making this dual determination, a trial court is obligated to draw all inferences from the underlying facts in the light most favorable to the opposing party. Attorney General v. Bailey, 386 Mass. 367, 371 (1982), and to resolve against the moving party all doubt concerning the existence of a material fact.
Utilizing these standards, it is evident that the present case is replete with unresolved material issues of fact concerning the relationship of all parties and the actual basis and terms of their transaction. Although the plaintiffs rely in part on what they characterize as a written contract with the defendant, the peculiar nature of this “Proposal” and if the manner of its execution, as well as the ambiguity concerning the identity of the parties thereto, indicate that factual inquiry and evidentiary exploration are required. Although the defendant claims to have contracted with Taft only, Taft is not a signatory to the defendant’s Proposal, is designated therein as the owner of the plaintiffs’ property, and may have served as general contractor, as plaintiffs’ agent or in some other capacity. The existence of a contractual relationship between the parties, Bedford Heating & Air Cond. Co. v. Milano, 6 Mass. App. Ct. 898 (1978); Baker v. Tokanz, 1984 Mass. App. Div. 210, 211, the existence of an agency relationship, Kirkpatrick v. Boston Mut. Life Ins. Co., 393 Mass. 640, 646 (1985), the intention of the parties, Welch v. Bombardieri, 252 Mass. 84 (1925); Joseph A. Previte, Inc. v. Bower, 1983 Mass. App.Div. 242, 244, the alleged subsequent, oral modification of the agreement and any related change in the rights, liabilities and relationships of the parties, Capitol Bk. & Tr. Co. v. Pre-Schools, Inc., 10 Mass. App. Ct. 907 (1980); Eastern Tank of Peabody v. Moore, 1986 Mass. App. Div. 58, 61, and the alleged commission of unfair and deceptive acts by the defendant, Nader v. Citron, 372 Mass. 96 104-105 (1977) are some of the material issues of fact in this case which should have precluded the allowance of the defendant’s motion.[4]
3. Accordingly, the court’s allowance of the defendant’s motion is reversed, and the judgment “of dismissal” is hereby vacated. This action is returned to the Framingham Division for a trial on the merits. So ordered.

 “If, on any motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.”

 No issue of fact was, however, presented by the plaintiffs’ assertion that they were third-party beneficiaries of any contract between Taft, as general contractor, and the defendant as subcontractor. It is established that no direct rights extend to a subcontractor based upon agreements between owners and general contractors. Superior Glass Co. v. First Bristol County Nat'l Bk., 380 Mass. 829 (1980); Ahearn v. Trustees of Boston University, 12 Mass. App. Ct. 47 (1981). Although the situation is reversed in the present case, the logical extension of this rule supports the principle that no rights extend to an owner based upon a contract between a subcontractor and general contractor. See Plymouth Housing Auth. v. Plymouth, 401 Mass. 503 (1988). The plaintiffs herein would have no standing to sue on a contract between thedefendant and a general contractor since they were not the intended beneficiaries thereof. Id. at p. 505.